Fred C. SMITH, Jr., Plaintiff-Appellee,

v.

GALLATIN NURSING HOME and St.
Paul Insurance Companies,
Defendants-Appellants.

Supreme Court of Tennessee.

March 15, 1982.

W. A. Moody, Nashville, for defendants-appellants.

Michael W. Edwards, Hendersonville, for plaintiff-appellee.

## OPINION

HARBISON, Chief Justice.

The single issue presented in this worker's compensation case is the propriety of the action of the trial judge in ordering death benefits commuted and paid in a lump sum to the surviving husband of the deceased employee. An evidentiary hearing was held after which the trial judge concluded that commutation and payment in a single sum were for the best interest of the dependent husband. Although different conclusions could easily have been drawn from the same evidence by a different trier of fact, the record contains substantial evidence supporting the conclusion of the trial judge. It is accordingly affirmed. T.C.A. § 50–1018.

Prior to a 1979 amendment to T.C.A. § 50–1023, lump-sum distributions were permitted only upon agreement of the parties and approval of the trial judge. *Valles v. Daniel Construction Co.*, 589 S.W.2d 911 (Tenn.1979). In 1979 the statute was amended to read as follows:

"The amounts of compensation payable periodically hereunder may be commuted to one or more lump sum payments. These may be commuted upon motion of any party subject to the approval of the circuit, chancery, or criminal court. No agreed stipulation or order or any agreement by the employer and employee or any other party to the proceeding shall be a prerequisite to the court's approval or disapproval of the award being paid in one or more lump sum payments." T.C.A. § 50–1023.

In making a determination as to whether the award should or should not be commuted, the judge should consider all of the facts and circumstances of the case. He has broad discretion, but it is a reviewable discretion. As stated in the *Valles* case, *supra*:

"Lump sum awards are authorized as an exception to the general statutory purpose and payment scheme. They should only be permitted with a cautious regard for the welfare of the injured workman or his dependents and pursuant to a judicial determination that his, or their, best interests will be served thereby." 589 S.W.2d at 913.

In the present case the claimant was sixty-three years of age. He was wholly dependent upon his wife who suffered accidental injuries at work resulting in her death. Claimant received social security and a very small pension from former employment; otherwise he had no income except that which was earned by his deceased wife. His monthly expenses, including rental of a dwelling, exceeded his separate income even when combined with weekly worker's compensation death benefits. He had adult children living in the same community who cared for him and handled his financial affairs. Both he and an adult daughter testified that he wished to leave the home which he and his wife had been renting and purchase a small house closer to the home of his daughter. It was anticipated that if he were permitted to use the worker's compensation benefits for that purpose, he would have little or no monthly house payments to meet, and his other income would be sufficient for his needs.

As stated previously, the case was a marginal one. Had the trial judge concluded not to commute the award, he would have been well within his discretion. On the other hand he saw and heard the witnesses and formed his own impression of their credibility. It was the insistence of the

employer that relatives of the claimant wanted him to obtain a lump sum from which they would benefit. There is no evidence in the record to support such a conclusion. This is merely an argument advanced by the employer and is unsupported by evidence, although we recognize that there have been many instances in the past where substantial recoveries have been obtained in a lump sum by a claimant and have been dissipated improperly. This is a factor which a trial judge should always bear in mind and seriously consider before ordering commutation. We assume that this was done in the present case, however, and we affirm the exercise of discretion by the trial judge.

The employer and its insurance carrier insist that they have statutory or constitutional rights to pay an award in periodic installments. They insist that the commutation of a death benefit award to a lump sum deprives them of their right to pay in weekly installments and of their statutory right to terminate weekly payments in the event of the death of a dependent or other contingency which would authorize such termination. T.C.A. § 50–1013.

No authority is cited by the appellants in support of this contention. The entire subject of worker's compensation is statutory. The 1979 amendment to T.C.A. § 50–1023 simply changed the previous law and authorized commutation in the discretion of the trial judge without prior approval of the employer or its insurance carrier. In effect, in the discretion of the trial judge, a worker's compensation award may be ordered payable in one or more lump-sum payments rather than in weekly installments as provided in other portions of the statute. This is nothing more than a statutory amendment. It does not involve constitutional or vested statutory rights of the employer or of the insurance carrier.

As pointed out in a supplemental brief filed on behalf of appellee, in several jurisdictions lump-sum awards for the purpose of purchasing or maintaining a residence by a dependent have been approved under the particular facts and circumstances present-

ed. *See Herndon v. City of Miami*, 224 So.2d 681 (Fla.1969); *Kustudia v. Industrial Accident Board*, 127 Mont. 115, 258 P.2d 965 (1953); *FoxSmythe Transportation Co. v. McCartney*, 510 P.2d 686 (Okl.1973).

Contentions such as those urged by the employer in the present case that commutation impinges upon constitutional due process or statutory rights to terminate weekly awards have generally been unsuccessful. *See Livingston v. Loffland Brothers Co.*, 86 N.M. 372, 524 P.2d 991 (1974); 3 A. Larson, *The Law of Workmen's Compensation* § 82.72 (1976); 82 Am.Jur.2d, *Workmen's Compensation* §§ 654–57 (1976).

The action of the trial judge in ordering commutation has serious consequences both for the employee or dependents and for the employer and its insurer. It should not be ordered perfunctorily or without a careful inquiry by the trial judge as to all of the facts and circumstances. It should be borne in mind that partial commutation into more than one lump-sum payment can be authorized if the circumstances so warrant. In the present case we are of the opinion that it would have been better had the trial judge conducted more detailed inquiry as to the specific plans of the claimant to purchase a residence. Nevertheless, since decisions of this sort are reviewed in this Court only under a material evidence rule, and not de novo, we cannot say that the record is devoid of material evidence to support the conclusions of the trial judge.

The judgment of the trial court is affirmed at the cost of appellants. The cause is remanded to that court for entry of any further orders which may be necessary.

FONES, COOPER, BROCK and DROWOTA, JJ., concur.