Grady **FOWLER, Jr., Plaintiff-Appellee,**

v.

**CONSOLIDATED ALUMINUM CORPORATION, Defendant-Appellant.**

Supreme Court of Tennessee, at Jackson.

Feb. 27, 1984.

## OPINION

BROCK, Justice.

In this worker's compensation case the only issue presented on appeal is whether or not the trial court erred in commuting to a lump sum his award to the employee of benefits for an 85% permanent partial disability to the body as a whole, resulting from an injury to the employee's back which arose out of and in the course of his employment.

The final decree of the trial court provides for the commutation of the plaintiff's benefits to a lump sum, as follows:

"The court finds that a lump sum award in this case is in the manifest best interest of the plaintiff-employee because it is commuted at the rate of 6% and the prime interest rate is 12%, and the employee will not suffer devaluation of the money by virtue of inflation. Further, the court finds that the employee is a financially responsible person capable of handling his own affairs, and accordingly, that the award made in this case shall be payable in a lump sum commuted amount to the extent that those benefits have not accrued."

The applicable statute is as follows:

"50-6-229. *Commutation to lump sum payment with consent of court.*—(a) The amounts of compensation payable periodically hereunder may be commuted to one or more lump sum payments. These may be commuted upon motion of any party subject to the approval of the circuit, chancery or criminal court. No agreed stipulation or order or any agreement by the employer and employee or any other party to the proceeding shall be a prerequisite to the court's approval or disapproval of the award being paid in one or more lump sum payments. In making such commutation, the lump sum payment shall, in the aggregate, amount to a sum equal to the value of all future installments of compensation calculated on a six percent (6%) basis."

Obviously, this statute vests discretion in the trial court to permit or to refuse commutation of an award into a lump sum. *Smith v. Gallatin Nursing Home*, Tenn., 629 S.W.2d 683 (1982); *Kelley v. 3–M Co.*, Tenn., 639 S.W.2d 437 (1982). But, as we have held in a different context,

"... the discretion thus vested in the trial judge is not absolute but is a judicial one which is reviewable in the appellate courts and may be reversed if the appellate court finds that the decision of the trial court was an abuse of judicial discretion." *State v. Grear*, Tenn., 568 S.W.2d 285 at 286 (1978).

In exercising the discretion thus vested, the court must consider all of the relevant facts before it in light of what is deemed to be the legislative policy represented by the statute and conclude whether or not commutation is to be permitted.

In construing this statutory provision, as well as all others in the worker's compensation laws, we are further enjoined by T.C.A., § 50–6–116:

"The rule of common law requiring strict construction of statutes in derogation of common law shall not be applicable to the provisions of the Workers' Compensation Law, but the same is declared to be a remedial statute which shall be given an equitable construction by the courts to the end that the objects and purposes of this chapter may be realized and attained."

From the very beginning, this Court has been ever mindful of the remedial nature of this legislation and the law had been uniformly construed so as to secure for the beneficiaries of the law every protection that a liberal construction would authorize. *Baxter v. Jordan,* 158 Tenn. 471, 14 S.W.2d 717 (1929); *Curtis v. Hamilton Block Company,* 225 Tenn. 275, 466 S.W.2d 220 (1971).

In *Smith v. Gallatin Nursing Home, supra,* and *Kelley v. 3–M Co., supra,* we have noted that commutation, in a particular case, may have adverse consequences for the employee as well as for the employer. Accordingly, the court should consider the interests of both the employee and the employer in exercising its discretion, remembering, however, that the worker's compensation laws and this section, in particular, were enacted for the benefit of the employee. In the *Smith* case we observed:

"The action of the trial judge in ordering commutation has serious consequences both for the employee or dependents and for the employer and its insurer. It should not be ordered perfunctorily or without a careful inquiry by the trial judge as to all of the facts and circumstances. It should be borne in mind that partial commutation into more than one lump-sum payment can be authorized if the circumstances so warrant. In the present case we are of the opinion that it would have been better had the trial judge conducted more detailed inquiry as to the specific plans of the claimant to purchase a residence. Nevertheless, since decisions of this sort are reviewed in this Court only upon a material evidence rule, and not *de novo,* we cannot say that the record is devoid of material evidence to support the conclusions of the trial judge." 692 S.W.2d 683 at 685.

Before the trial judge decides to commute an award he ought to be able to ascribe a good reason therefor arising from the evidence produced before him. The employee bears the burden of showing that it is in his best interest that the award be commuted rather than paid in installments. The reason most commonly advanced for commuting an award is that the plaintiff has some special need for receiving the money in a lump sum, as in the *Smith* and *Kelley* cases, *supra. See, also,* 82 Am. Jur.2d *Workmen's Compensation* § 654 (1976).

In the instant case, the reasons advanced by the trial court for commuting this award appear to us to be insufficient. The mere fact that the employee manages his own income and might be able to earn interest on the commuted amount if he invested the same prudently has been held to be an insufficient reason for granting commutation. *Court of Flags v. Outland,* Fla.App., 382 So.2d 443 (1980); *Hulse v. Workers' Comp. Appeals Bd.,* 133 Cal. Rptr. 678, 63 Cal.App.3d 221 (1976). We agree with that conclusion and, accordingly, we conclude that the trial court erred in allowing commutation of the award in this case.

The provision of the trial court's decree commuting the plaintiff's award is reversed and set aside; in all other things the decree of the trial court is affirmed. Costs incurred upon appeal are taxed against the appellee and surety. This case is remanded to the trial court for further appropriate proceedings, if any.

FONES, C.J., and COOPER, HARBISON and DROWOTA, JJ., concur.