Lee R. **MITCHELL**, Plaintiff-Appellee,

v.

**EXXON CORPORATION,**
Defendant-Appellant.

Supreme Court of Tennessee,
at Nashville.

Feb. 27, 1984.

James P. Wilson, III and Thomas Travaglini, Nashville, for plaintiff-appellee.

Charles McElroy, Robert S. Patterson, Nashville, for defendant-appellant.

## OPINION

BROCK, Justice.

In this worker's compensation case the only issues presented for our determination are (1) whether or not the trial court erred in decreeing that the benefits awarded in this case be commuted to one lump sum and (2) whether or not the defendant's appeal from that decision is frivolous, entitling the plaintiff to an award of damages for frivolous appeal.

In *Grady Fowler, Jr. v. Consolidated Aluminum Corporation,* Tenn., 665 S.W.2d 713 (1984), we recently outlined the factors which should be considered by the trial court in determining whether or not to reduce worker's compensation benefits to one or more lump sums. *See also Smith v. Gallatin Nursing Home,* Tenn., 629 S.W.2d 683 (1982); *Kelley v. 3–M Co.,* Tenn., 639 S.W.2d 437 (1982). In the *Fowler* case we noted:

"Before the trial judge decides to commute an award he ought to be able to ascribe a good reason therefor arising from the evidence produced before him. The employee bears the burden of showing that it is in his best interest that the award be commuted rather than paid in installments. The reason most commonly advanced for commuting an award is that the plaintiff has some special need for receiving the money in a lump sum, as in the *Smith* and *Kelley* cases, *supra. See, also,* 82 Am.Jur.2d *Workmen's Compensation* § 654 (1976)." 665 S.W.2d at 715.

In the case now before us, the Chancellor has found, in part:

"(4) The injuries and damages to the plaintiff mentally and physically were so severe that the court appointed a guardian ad litem for the plaintiff and established a conservatorship which continues to this day.

"(5) Medical reports indicate that the plaintiff has shown some slight improvement over the thirteen (13) month period since the date that he sustained his injuries but these reports and testimony indicate that any significant improvement for organic brain damage usually occurs within the first months of the date when the damage was caused to the brain.

\* \* \* \* \* \*

"(7) Plaintiff's only income at the time is from Metro Social Services which is low and limited and only for room and board in a boarding house facility.

"(8) The Department of Health and Human Services, Social Security Administration has determined the plaintiff to be totally disabled and entitled to Social Security disability benefits.

"(9) Plaintiff has no immediate family to look after his welfare and is dependent entirely on his conservator for even the most basic necessities.

"(10) The court finds that the sole issue is whether the plaintiff should receive his 100% total permanent benefit in a lump sum. The court considers this a serious matter in order to guard against plaintiff's wasting or losing such an amount,

particularly one who is not capable of looking after such a sum. However this problem is solved in this case by the previously established conservatorship for the plaintiff whose conservator can guard against waste and properly advise the court of the best method of investing said sum in order to yield a maximum return from the principal, which together with the Social Security benefits would produce a liveable income for the plaintiff.

"Based upon the foregoing findings of fact, the court makes the following conclusions of law:

"1. The court finds that it is in the plaintiff's best interest and that this is a proper case for commutation to a lump sum payment of the plaintiff Lee R. Mitchell's 100% permanent total disability benefits pursuant to T.C.A., § 50–6–229."

 The evidence in the case supports the findings of fact and the conclusion of law announced by the Chancellor. It was shown that a lump sum investment would produce a substantial monthly income, leaving the principal intact, whereas, worker's compensation benefits paid weekly would be substantially expended on the necessities of life, leaving little for investment.

In the *Fowler* case we held that the mere fact that the employee might be able to earn interest on the commuted amount of his benefits if he invested the same prudently was not a sufficient reason for granting commutation; but, the case at bar is distinguishable from *Fowler*, in that, here the employee is virtually helpless, has a great need to receive the investment value of a lump sum of his benefits and enjoys the protection of a conservatorship to guard against loss or squandering of the award. Thus, we conclude that the learned Chancellor did not err in exercising his discretion to award a lump sum of the benefits in this case.

In view of the paucity of authority respecting this issue, we conclude that the defendant's appeal was not frivolous and we therefore deny the motion for damages for frivolous appeal.

Costs are adjudged against appellant and surety.

FONES, C.J., and COOPER, HARBISON and DROWOTA, JJ., concur.