Loretta **CLAYTON**, Plaintiff/Appellee,

v.

**COOKEVILLE ENERGY, INC.** and **Federated Insurance**, Defendants/Appellants.

Supreme Court of Tennessee, at Nashville.

Jan. 27, 1992.

David J. Deming and Susan West Daniel, Manier, Herod, Hollabaugh & Smith, Nashville, for defendants/appellants.

Ronald Thurman, Cookeville, for plaintiff/appellee.

## OPINION

ANDERSON, Justice.

In this worker's compensation death case, the sole issue is whether the trial court abused its discretion in commuting the surviving spouse's death benefits into a lump sum. After an evidentiary hearing, the trial court found commutation to a lump sum was in the best interest of the surviving spouse. Our review of the record shows the trial court did not abuse its discretion. We, therefore, affirm.

On November 10, 1990, Douglas Wayne Clayton died when the truck he was driving overturned and burned. At the time of his death, the decedent was working for the defendant, Cookeville Energy, Inc., which was insured for worker's compensation by the defendant, Federated Insurance Company. The decedent was survived by his wife, Loretta Clayton, the plaintiff, and their two minor children, Christopher, aged 10, and Michael, aged 2.

The defendants agreed that as a result of her husband's death, the plaintiff and her dependent children were entitled to maximum worker's compensation benefits in the amount of $109,200.00, plus funeral expenses not exceeding $3,000.00. The parties could not, however, agree upon how the benefits were to be apportioned and whether the plaintiff's share should be commuted to a lump sum.

After a hearing on November 28, 1990, the trial court ruled that the plaintiff and her two minor children should receive equal shares of the $109,200.00, or $36,400.00 each. The order provided that the children's shares be paid in periodic payments to be held in trust until each child reached their 18th birthday. With respect to the plaintiff's share, the trial court found that a lump sum payment would be in the best interest of the plaintiff and her minor children, and that she had demonstrated the required ability to wisely manage and control a lump sum, pursuant to Tenn.Code Ann. § 50–6–229(a) (Supp.1990).

## COMMUTATION OF DEATH BENEFITS

■ In determining whether to commute an award to lump sum, "the trial court shall consider whether the commutation will be in the best interest of the employee, and such court shall also consider the ability of the employee to wisely manage and control the commuted award, irrespective of whether there exists special needs." Tenn.Code Ann. § 50–6–229(a).

We have said in the past that:

[T]his statute vests discretion in the trial court to permit or to refuse commutation of an award into a lump sum. *Smith v. Gallatin Nursing Home*, Tenn., 629 S.W.2d 683 (1982); *Kelley v. 3–M Co.*, Tenn., 639 S.W.2d 437 (1982). But, as we have held in a different context, the discretion thus vested in the trial judge is not absolute but is a judicial one which is reviewable in the appellate courts and may be reversed if the appellate court finds that the decision of the trial court was an abuse of judicial discretion. *State v. Grear*, Tenn., 568 S.W.2d 285, 286 (1978).

*Fowler v. Consolidated Aluminum Corp.*, 665 S.W.2d 713, 714 (Tenn.1984).

The defendants argue commutation is an exception to the statutory scheme which contemplates substitution of periodic benefits for the employee's regular wage, and that this proposition applies to death benefits as well as disability benefits. The de-

fendants also argue that both the employer and the dependent children have interests which must be balanced against the plaintiff's, because of the statutory termination of periodic benefits if the plaintiff should remarry. Finally, the defendants contend that the evidence fails to support commutation of the award.

On the other hand, the plaintiff contends the evidence demonstrates that the trial court correctly concluded that a lump sum award is in her best interest, and that she is capable of wisely managing and controlling a commuted award. In addition, she contends it was error for the trial court to consider the receipt of social security benefits in determining whether to commute her benefits to a lump sum.

This Court has long recognized that lump sum awards are an exception to the general purposes of our worker's compensation law. *Valles v. Daniel Construction Co.,* 589 S.W.2d 911, 912 (Tenn.1979); *Reece v. York,* 199 Tenn. 592, 288 S.W.2d 448, 450 (Tenn.1956). Accordingly, we have repeatedly held that commutation should occur only in exceptional circumstances and not as a matter of course. *See, e.g., Williams v. Delvan Delta, Inc.,* 753 S.W.2d 344, 349 (Tenn.1988); *Van Hooser v. Mueller Co.,* 741 S.W.2d 329, 330 (Tenn.1987). Moreover, commutation of an award of periodic payments should not be ordered perfunctorily without careful inquiry by the trial judge as to all the facts and circumstances. *Smith v. Gallatin Nursing Home,* 629 S.W.2d 683, 685 (Tenn.1982).

As we have recently pointed out, the import of the 1990 amendment to § 50–6–229(a) is to eliminate the threshold inquiry into whether the employee has demonstrated a special need. The amendment does not specify what factors are to be considered in meeting the two-prong test (best interest and wise management of the commuted award), so the courts are called upon to exercise their discretion on an *ad hoc* basis. *North American Royalties, Inc. v. Thrasher,* 817 S.W.2d 308 (Tenn.1991). With a proper factual basis, this Court has approved lump sum awards in the past for the purpose of allowing an injured employ-ee to purchase a home. *See Burris v. Cross Mountain Coal,* 798 S.W.2d 746 (Tenn.1990); *Clark v. National Union Fire Ins. Co.,* 774 S.W.2d 586, 590 (Tenn. 1989); *Kelley v. 3–M Co.,* 639 S.W.2d 437, 439–40 (Tenn.1982); *Smith, supra,* 629 S.W.2d at 685. Since the 1990 amendment, we have also approved a partial lump sum award so that the employee could retain existing housing. *Harness v. CNA,* 814 S.W.2d 733, 736 (Tenn.1991).

The evidence at the commutation hearing establishes, and the defendants concede, the plaintiff's ability to wisely manage and control the commuted award. Accordingly, we look to the other prong of the two-prong test, the best interest of the plaintiff, to determine if the record supports the action of the trial court.

The evidence establishes sufficient periodic monthly income, including the plaintiff's wages and social security benefits payable to the two children, to meet the family's support requirements without periodic worker's compensation benefits. The family debt structure includes $12,700.00 owed on the family's house trailer and $11,-700.00 on the family truck. The plaintiff and her husband had purchased, prior to his death, a 32–acre tract on which the house trailer had been placed, and the plaintiff had used the proceeds of a $28,-000.00 insurance policy to pay off a $12,-000.00 indebtedness on the acreage. An additional $3,000.00 is required for a project, which has already been initiated, to place an addition on the family home. The plaintiff desired to use the lump sum award to pay off the indebtedness on the home and truck, and to place the addition on the home, which would require a total of about $27,000.00. The balance of the funds the plaintiff planned to use to clear and fence the land around their home and invest the remainder in an interest-bearing account.

It is argued by the defendants that the employer has an interest which must be balanced against the interest of the plaintiff. We have commented in the past that commutation in a particular case may have adverse consequences for the employee as

well as for the employer. Accordingly, the court should consider the interests of both the employee and the employer in exercising its discretion, remembering, however, that the worker's compensation laws, and this section in particular, were enacted for the benefit of the employee. *See Fowler v. Consolidated Aluminum Corp., supra,* 665 S.W.2d at 713.

It is also argued that the children have a potential future interest in the award because of the provisions of Tenn.Code Ann. § 50-6-210, which provide that upon the remarriage of a surviving spouse, the worker's compensation benefits shall terminate, and if there is a child or children under the age of 18 years, the children will receive the widow's share of the compensation. Because of the ages of the children in this particular case, if a remarriage occurred during the periodic payment period of approximately eight years, the children would receive the widow's share in trust. The Legislature presumably concluded that remarriage would economically benefit the widow and that worker's compensation periodic benefits would no longer be necessary. We have observed recently in another context that a remarriage is not a guarantor of enhanced economic benefit to either spouse. *See Isbell v. Isbell,* 816 S.W.2d 735 (Tenn.1991) (quoting *Gerlach v. Gerlach,* Court of Appeals, Eastern Section, at Knoxville, 1988 WL 102744, October 6, 1988).

■ In that connection, we conclude that for the purpose of the spouse's lump sum award, the determination of best interest under the statute must be confined to her best interest, the children having already received their apportioned share. We also observe, however, that the plaintiff and the two young children are, and probably will be for a long time, a family unit, and that any lump sum award which the widow receives spent for the purposes she has outlined will enure to the benefit of the family unit and, thus, to the children.

As we have pointed out in the past, the purpose of worker's compensation is to provide injured workers with periodic payments as a substitute for lost wages in a manner consistent with the worker's regular wage. *Van Hooser v. Mueller Co.,* 741 S.W.2d 329, 330 (Tenn.1987). And in cases of death benefits, we have recognized the same principle—namely, when a worker dies as a result of injuries sustained on the job, an award of periodic payments still accords with the general purpose of worker's compensation "to substitute periodical contributions to the support of those accustomed to and dependent upon such regular periodical incomes." *American Zinc Co. of Tenn. v. Lusk,* 148 Tenn. 220, 255 S.W. 39 (1923).

In determining the widow's best interest, we note that the record demonstrates the death of the worker resulted in additional capital from insurance benefits and periodic income from social security benefits, all accruing to the family unit. As a result, the family income is sufficient to cover family expenses, excluding any worker's compensation periodic payments. Accordingly, there is no need for periodic payments as a substitute for wages.

Because this record demonstrates, and the defendants concede, that the plaintiff can wisely manage and control a commuted award, and because the record shows a substantial part of the award will be devoted to housing, and because there is no documented need for periodic payments in this case, we conclude the trial court did not abuse its discretion in commuting the plaintiff's apportioned share to a lump sum.

■ With respect to the second issue raised by the plaintiff, we find no error in the trial court's consideration of Clayton's receipt of social security benefits in determining whether to commute the award to lump sum. This Court has previously considered testimony by worker's compensation claimants regarding the receipt of social security benefits as part of its inquiry into the facts relevant to its determination of whether commutation was proper. *See Mitchell v. Exxon Corp.,* 665 S.W.2d 705 (Tenn.1984); *Smith v. Gallatin Nursing Home,* 629 S.W.2d 683 (Tenn.1982). Therefore, we agree with the defendants that Tenn.Code Ann. § 50-6-210(e)(13) prohibits

consideration of certain assistance payments when the issue is the claimant's dependency, not when the issue is commutation.

For the reasons stated herein, the judgment of the trial court is affirmed, and the cause is remanded to the trial court for proceedings consistent with this Opinion. Costs of this appeal are taxed to the defendants, Cookeville Energy, Inc. and Federated Insurance.

REID, C.J., and DROWOTA, O'BRIEN and DAUGHTREY, JJ., concur.