**Colleen PERDUE, for herself, and as next friend of Amanda Nicole Perdue, and Christina Louise Perdue, Minors, Plaintiff–Appellee,**

v.

**GREEN BRANCH MINING COMPANY, INC., Defendant–Appellant.**

Supreme Court of Tennessee,
at Knoxville.

July 20, 1992.

Michael S. Pemberton, Lewis, King, Kreig & Waldrop, P.C., Knoxville, for defendant-appellant.

George H. Buxton, III, Buxton and Wilkinson, Oak Ridge, for plaintiff-appellee.

## OPINION

ANDERSON, Justice.

In this workers' compensation death case, the primary issue is whether the trial court abused its discretion in commuting the surviving spouse's and the surviving children's death benefits to a lump sum. An ancillary issue is whether the trial court erred in assessing the guardian *ad litem*'s fees against the children's lump-sum award instead of the defendant as discretionary costs under Tenn.R.Civ.P. 54. We conclude that the trial court did not abuse its discretion in commuting the widow's benefits, but erred in commuting the surviving children's benefits to a lump sum and in assessing the guardian *ad litem*'s fees against the children's award.

## FACTUAL BACKGROUND

On November 27, 1990, Harlan Perdue died when the roof of the coal mine in which he was working collapsed. At the time of his death, the decedent was employed by the defendant, Green Branch Mining Company, Inc. The decedent was survived by his wife, Colleen Perdue, the plaintiff, and their two minor children, Amanda Nicole, aged 5, and Christina Louise, aged 3.

All parties agreed that as a result of her husband's death, the plaintiff, Colleen Perdue, and her dependent children were entitled to weekly workers' compensation benefits of $246.67, plus funeral expenses not exceeding $3,000.00. Although the record does not reveal the nature of the dispute, the parties could not agree upon the maximum total amount of benefits to which the plaintiff and her children were entitled. As a result, the plaintiff filed a motion for summary judgment asking the trial court to establish the maximum total benefits.

Following a hearing on July 22, 1991, the trial court granted the plaintiff's motion for summary judgment and ordered that the weekly benefit of $246.67 be paid until

a total sum of $109,200.00 in benefits had been paid. The trial court, reserved, however, the issue of whether the benefits should be paid in lump sum. In addition, the trial court, on its own motion, appointed a guardian *ad litem* to represent the interests of the minor children, reserving the amount and assessment of the guardian's fees.

At the lump-sum hearing, the Chancellor found that commutation would be in the best interest of the plaintiff, and that the plaintiff had demonstrated the ability to wisely manage and control a commuted award. Accordingly, the Chancellor ordered the entire $109,200.00 to be commuted to a lump sum.

In accordance with the guardian *ad litem*'s recommendation, and after allowing a deduction for reasonable attorneys' fees not to exceed 20 percent, the Chancellor ordered 60 percent of the award to be distributed to the plaintiff, and 20 percent to be distributed to each child. With respect to the children's shares, the trial court ordered that they be paid into court with directions for the plaintiff, as trustee, to deposit the funds in a federally insured, interest-bearing account. In addition, the Chancellor set the guardian *ad litem*'s fee at $1,000.00, and ordered that it be paid equally out of each child's portion.

## COMMUTATION OF DEATH BENEFITS

■ In determining whether to commute an award to lump sum, "the trial court shall consider whether the commutation will be in the best interest of the employee, and such court shall also consider the ability of the employee to wisely manage and control the commuted award, irrespective of whether there exists special needs." Tenn.Code Ann. § 50–6–229(a) (1991). This statute vests discretion in the trial court to permit or refuse lump-sum commutation. *Fowler v. Consol. Aluminum Corp.*, 665 S.W.2d 713, 714 (Tenn.1984). However, "the discretion thus vested in the trial judge is not absolute but is a judicial one which is reviewable in the appellate courts and may be reversed if the appellate court finds that the decision of the trial court

was an abuse of judicial discretion." *State v. Grear*, 568 S.W.2d 285, 286 (Tenn.1978) (quoted in *Fowler v. Consol. Aluminum Corp.*, *supra*, 665 S.W.2d at 714).

■ Under the statute, which was amended in 1990 to eliminate the threshold inquiry into whether the employee has demonstrated a special need, the burden is upon the worker to establish first that a lump sum is in his or her "best interest," and second that the worker is capable of "wisely managing and controlling the commuted award." *North Am. Royalties, Inc. v. Thrasher*, 817 S.W.2d 308, 310–11 (Tenn. 1991). The statute, however, does not specify what factors are to be considered in meeting the two-prong test (best interest and wise management of the commuted award), so the courts are called upon to exercise their discretion on an *ad hoc* basis, and we are forced to review the awards on the same basis. *Id.*, 817 S.W.2d at 311.

The defendant contends that commutation is an exception to the statutory scheme, which contemplates substitution of periodic benefits for the employee's regular wage, and that this proposition applies to death benefits as well as disability benefits. In addition, although it does not contest the plaintiff's ability to wisely manage and control the commuted award, the defendant argues that the plaintiff and her children failed to meet their burden of showing that commutation is in their best interest.

■ As the defendant correctly points out, lump-sum awards are an exception to the general purposes of our workers' compensation law. *Valles v. Daniel Constr. Co.*, 589 S.W.2d 911, 912 (Tenn.1979); *Reece v. York*, 199 Tenn. 592, 596, 288 S.W.2d 448, 450 (Tenn.1956). As a result, this Court has repeatedly held that commutation should occur only in exceptional circumstances, and not as a matter of course. *See, e.g., Williams v. Delvan Delta, Inc.*, 753 S.W.2d 344, 349 (Tenn.1988); *Van Hooser v. Mueller Co.*, 741 S.W.2d 329, 339 (Tenn.1987). Accordingly, commutation of an award should not be ordered perfunctorily without careful inquiry by the trial judge as to all the facts and circumstances.

*Smith v. Gallatin Nursing Home,* 629 S.W.2d 683, 685 (Tenn.1982).

The evidence presented at the commutation hearing establishes that, between the plaintiff's wages as a part-time bank teller and social security benefits payable to the two children, the family has a monthly income of approximately $2,000.00, which is more than sufficient to pay their normal living expenses.

With respect to commutation of her share, the plaintiff testified that she desired to use her portion of the lump-sum award to follow through with the plan she and her late husband had of building a home on the six-acre tract where the family is currently residing in a 1979 mobile home. We note that the undisputed evidence is that the plaintiff's family previously lived in the city in a house valued at approximately $40,000. In 1988, desire for more space and a gift of land from her husband's family led them to consider moving to a six-acre tract in a more rural setting. In order to determine whether they wanted to live there permanently, the family purchased a 1979 mobile home for $6,400.00, and placed it on the land. After living there for over two years, they decided the location was desirable and planned to build their permanent home on the acreage in the summer of 1991. Those plans were interrupted by the plaintiff's husband's untimely death.

At the time of trial, title to the land had not yet been transferred to the plaintiff; however, the legal work was in process and no difficulty was anticipated. The plaintiff's father, who was an experienced builder, testified that he had agreed to build the home, consisting of 1,510 square feet, for a price of $56,000.00. The plaintiff testified the full amount of her commuted award would be invested in the home.

As to the commutation of the children's share, the plaintiff testified that she would place their portions of the lump-sum award in an interest-bearing account either to pay for their future education or to be turned over to them when they reached their 18th birthdays.

The plaintiff contends that, based upon the evidence presented at the commutation hearing, the trial court correctly found she and her children met their burden of showing that commutation would be in their best interest.

■ The purpose of workers' compensation is to provide injured workers with periodic payments as a substitute for lost wages in a manner consistent with the worker's regular wage. *Van Hooser, supra,* 741 S.W.2d at 330. This principle is unchanged when a worker dies as a result of injuries sustained on the job, because an award of periodic payments to the surviving dependents of a deceased worker still accords with the general purpose "to substitute periodical contributions to the support of those accustomed to and dependent upon such regular periodical incomes." *American Zinc Co. of Tenn. v. Lusk,* 148 Tenn. 220, 227, 255 S.W. 39, 41 (1923).

Before the 1990 amendment to Tenn. Code Ann. § 50–6–229, with a proper factual basis, however, this Court approved lump-sum awards for the purpose of allowing an injured employee to purchase a home. *See Burris v. Cross Mountain Coal,* 798 S.W.2d 746 (Tenn.1990); *Clark v. National Union Fire Ins. Co.,* 774 S.W.2d 586 (Tenn.1989); *Kelley v. 3–M Co.,* 639 S.W.2d 437 (Tenn.1982); *Smith, supra.* Since the 1990 amendment, we have approved a partial lump-sum award so that the employee could retain existing housing, *see Harness v. CNA,* 814 S.W.2d 733 (Tenn. 1991), and commutation so the surviving spouse could retire the mortgage and make improvements to the family home. *See Clayton v. Cookeville Energy, Inc.,* 824 S.W.2d 167 (Tenn.1992).

In determining the plaintiff widow's best interest, we note the record demonstrates that the death of the worker resulted in additional capital from insurance benefits and periodic income from social security benefits, all accruing to the family unit. When the return from this additional capital is added to the plaintiff's wages and the social security benefits payable to the two children, it is clear that the family income is more than sufficient to cover family expenses without periodic workers' compensation benefits. Accordingly, there is no

need for periodic payments as a substitute for wages. *Clayton v. Cookeville Energy, Inc.*, 824 S.W.2d at 170.

■ This record demonstrates (1) that the defendant has conceded that the plaintiff can wisely manage and control a commuted award, (2) that the plaintiff's entire share of the award will be used to purchase a mortgage-free house for herself and her dependent children, and (3) that there is no need for periodic payments as a substitute for wages in this case. We note that the plan for new housing pre-existed the death of plaintiff's husband and that the family was temporarily located in housing less desirable than their former city home. We, therefore, conclude the trial court did not abuse its discretion in commuting the plaintiff's apportioned share to a lump sum.

■ With respect to the commutation of the children's shares, however, we find that the trial court did err in ordering a lump-sum commutation. While we applaud the trial court's well-intended purpose in commuting the children's award to be placed in trust "in an account primarily for their college education, or a special need they might sometime have," we cannot approve a lump-sum commutation for investment for a potential future need, however laudatory. This Court has in the past specifically held that "[t]he mere fact that the employee manages his own income and might be able to earn interest on the commuted amount if he invested the same prudently has been held to be an insufficient reason for granting commutation." *Fowler v. Consolidated Aluminum Corp., supra*, 665 S.W.2d at 715. We have also observed that "[i]t would, ordinarily, be more convenient for any beneficiary to receive a lump sum, to pay counsel fees in full, and to invest the remainder. This, however, is not the criterion established by the cases construing the statute." *West v. C.B. Ragland Co.*, 785 S.W.2d 351, 352 (Tenn.1990).

Accordingly, we reverse the Chancellor's decision to commute the children's shares to a lump sum, and hold that their shares should be disbursed by periodic payments to the Chancery Court Clerk, to be invested and held in trust until each child reaches their 18th birthday, subject to the Chancellor's future orders.

## DISCRETIONARY COSTS AND GUARDIAN AD LITEM FEE

The last issue raised on appeal is whether the trial court erred in assessing the guardian *ad litem*'s fee against the awards received by the children, instead of assessing it against the defendant as costs under Tenn.R.Civ.P. 54.04. Rule 54.04(1) provides, in part, that "[e]xcept when express provision therefor is made either in a statute or in these rules, costs shall be allowed as of course to the prevailing party unless the court otherwise directs."

■ Adjudging costs is within the reasonable discretion of the trial court, *Lock v. Nat'l Union Fire Ins. Co.*, 809 S.W.2d 483, 490 (Tenn.1991), and the trial judge may apportion the costs between the litigants as, in his opinion, the equities demand. Tenn.Code Ann. § 20–12–119. Accordingly, appellate courts are generally disinclined to interfere with a trial court's decision in assessing costs unless there is a clear abuse of discretion. *Lewis v. Bowers*, 216 Tenn. 414, 423, 392 S.W.2d 819, 823 (Tenn.1965); *Mitchell v. Smith*, 779 S.W.2d 384, 392 (Tenn.App.1989).

The plaintiff contends that the trial court should have assessed the guardian's fee as costs because commutation of her share, which will be used to build a house for the family, makes the family a "prevailing party" within the meaning of Tenn.R.Civ.P. 54.04. The defendant, on the other hand, contends that the guardian *ad litem*'s fee should be paid out of the children's shares, instead of assessed as discretionary costs, because the guardian represented the children and its fee is similar to attorneys' fees, which historically have never been included as costs.

■ While it is true that, historically, costs have never included a litigant's legal expenses, *see Marshall v. Sevier County*, 639 S.W.2d 440, 443 (Tenn.App.1982), costs can include reasonable fees charged by a guardian *ad litem*. Prior to *Runions et*

al. v. Runions, 186 Tenn. 25, 207 S.W.2d 1016 (1948), a guardian ad litem's fee could only be assessed against its ward or its ward's estate or interest in a fund in court, and could not be imposed upon other parties to the litigation. Harris v. Bittikofer, 562 S.W.2d 815, 817 (Tenn.App. 1978). In Runions, however, this Court ordered that the guardian ad litem's fee be treated as part of the costs. 186 Tenn. at 32, 207 S.W.2d at 1019. Since Runions was decided, guardian ad litem fees have been assessed as discretionary costs numerous times. See, e.g., Butler v. Parker, 200 Tenn. 603, 293 S.W.2d 174 (1956); Harris v. Bittikofer, supra; Dockery v. Dockery, 559 S.W.2d 952 (Tenn.App.1977); Anderson v. Memphis Hous. Auth., 534 S.W.2d 125 (Tenn.App.1976). Moreover, Tenn.R.Civ.P. 17.03, which governs the appointment of a guardian ad litem, specifically provides that "[t]he court may in its discretion allow the guardian ad litem a reasonable fee for his services, to be taxed as costs."

Accordingly, it is clear that guardian ad litem fees can be taxed as discretionary costs under Tenn.R.Civ.P. 54.04. The only issue remaining is whether the guardian ad litem's fee should be assessed as discretionary costs in this case. We conclude that it would be equitable to assess the guardian ad litem's fee as costs against the defendant. We have upheld commutation of 60 percent of the award, which will be used to build a house for the benefit of the plaintiff and her children. Accordingly, we find the family to be a "prevailing party" within the meaning of Tenn.R.Civ.P. 54.04, and assess the guardian ad litem's fee as discretionary costs against the defendant.

### ATTORNEYS' FEES

■ Finally, we note with some concern that the reasonableness of the award of plaintiff's attorneys' fees has not been raised as an issue. Tenn.Code Ann. § 50–6–226 provides that the fees of attorneys for services to employees under the Workers' Compensation Law are subject to the approval of the trial court and that no attorneys' fees may be charged in excess of 20 percent of the amount of the award. We observe that the 20 percent ceiling set out in the statute is a maximum, which may or may not be reasonable depending on the circumstances of the case.

In this case, all parties ultimately agreed that the case was fully compensable, and that the widow and the children were entitled to a $109,000.00 award. The sole dispute at trial was whether the award was to be commuted or paid in periodic payments. The widow and children's attorneys' fees amounted to $21,840.00, which was the maximum 20 percent authorized by statute.

We are not in a position on appeal to determine the reasonableness of the attorneys' fee; however, we cannot help but note that the record shows the only witnesses at trial were the plaintiff, her employer and her father, and that the total trial transcript was 50 pages. On appeal, the plaintiff's brief in this Court consists of only 10 pages.

Because of the questions presented by the sparse record we have before us, and because the issue was not raised at trial or on appeal, we remand this case to the trial court for an examination of the reasonableness of the attorneys' fee awarded to plaintiff's attorneys.

For the reasons stated herein, we affirm in part, and reverse in part, the Chancellor's judgment, and the cause is remanded to the trial court for further proceedings consistent with this Opinion. The costs of this appeal are taxed equally to the parties.

REID, C.J., and DROWOTA, O'BRIEN and DAUGHTREY, JJ., concur.