**FILED**
**Aug 09, 2021**
**03:03 PM(CT)**
**TENNESSEE COURT OF**
**WORKERS' COMPENSATION**
**CLAIMS**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
# IN THE COURT OF WORKERS' COMPENSATION CLAIMS
# AT KNOXVILLE

| | | |
|---|---|---|
| SONNEY SUMMERS, as surviving spouse of CHRISTINE SUMMERS, Dependent, | ) ) ) | Docket No.: 2020-05-0875 |
| v. | ) | |
| RTR TRANS. SERVICES | ) | State File No.: 58447-2020 |
| Employer, | ) | |
| And | ) | |
| CAROLINA CAS. INS. CO., | ) | |
| Insurer. | ) | Judge Robert Durham |
| | ) | |

## COMPENSATION ORDER GRANTING BENEFITS

The Court held a Compensation Hearing on July 28, 2021, to determine whether RTR Transportation must pay death benefits in a lump sum. The parties also asked the Court to decide the amount of Mr. Summers's attorneys' fees, whether they should include fees for payment of funeral expenses, and whether they should be paid in a lump sum. The Court holds that RTR is not obligated to pay death benefits in a lump sum, and that Mr. Summers's attorneys are entitled to twenty percent attorneys' fees on the entire award, excluding funeral expenses, and that the fees will not be paid in lump sum.

### History of Claim

Most of the facts surrounding this claim are undisputed or stipulated to by the parties.

On August 19, 2020, Christine Summers was driving a truck for RTR when she pulled off the road to investigate a possible collision with a pedestrian. As she exited the truck, Ms. Summers was tragically murdered by blows to the head.[1]

---

[1] Ms. Summers died at the scene, and no medical expenses were incurred.

1

RTR initially denied the claim, and Ms. Summers's sole dependent, her husband Sonney Summers, retained counsel and filed a Petition for Benefit Determination. After mediation, RTR accepted the claim on November 3. RTR paid $7,125.00 in funeral expenses and offered to begin paying death benefits at the statutory rate of fifty percent of Ms. Summers's average weekly wage, which equates to $558.23. Mr. Summers refused these payments, asserting entitlement to a lump-sum commutation of the benefits.

Mr. Summers testified regarding the requested lump-sum payment. He is fifty-nine years old and receiving social security disability benefits totaling $1,398.00 per month. His health problems require him to spend much of his time in a wheelchair or scooter. He has temporary custody of three grandchildren—two teenagers and a one-year-old−and anticipates receiving permanent custody soon. Mr. Summers's two oldest grandchildren receive social security benefits due to their father's death that total $2,396.00 per month.

Mr. Summers had $480,000.00 left from Ms. Summers's life insurance benefits after paying off all his debts. From this amount, he built a $275,000.00 home in Alabama for his family. Mr. Summers now has $146,000 left from the life insurance funds in savings. He is selling his home in Tennessee and anticipates making $100,000.00 from the sale. He owns a coin collection worth $10,000 to $20,000, as well as a collection of older cars and trucks.

Mr. Summers estimated that the monthly expenses for his grandchildren and himself total $4,165.34, or $371.34 more than their monthly income. He said that Ms. Summers paid the bills during their marriage, but now he performs this task. He testified that he wants the award in a lump sum to provide for his grandchildren's education. When asked on cross-examination as to why he needed a lump-sum payment, he stated so it could "be in the background and maintain my lifestyle."

As for attorneys' fees, Mr. Summers and his counsel, Samuel Garner and Stephen Heard, agreed in writing that they would receive twenty percent of any amount awarded. Mr. Garner and Mr. Heard filed affidavits outlining their expertise and experience and attesting to over 240 aggregate hours of work on Mr. Summers's case.

**Findings of Fact and Conclusions of Law**

Mr. Summers has the burden of proving the essential elements of his workers' compensation claim by a preponderance of the evidence. *Scott v. Integrity Staffing Solutions,* 2015 TN Wrk. Comp. App. Bd. LEXIS 24, at *6 (Aug. 18, 2015). While RTR stipulated that Mr. Summers, as his wife's sole dependent, is entitled to death benefits, he must still prove that RTR should pay these benefits in a lump sum.

Tennessee Code Annotated section 50-6-210(e)(1) (2020) provides that the spouse

2

of an employee who died from a compensable injury and has no dependent children is entitled to benefits equal to fifty percent of the employee's average weekly wage. These benefits end when the spouse's dependency ends through death or remarriage. Tenn. Code Ann. § 50-6-210(e)(8). If neither contingency occurs, the benefits continue until they total the "maximum total benefit," which is equal to 450 weeks times the maximum compensation rate. Tenn. Code Ann. § 50-6-210(e)(10); Tenn. Code Ann. § 50-6-102(15)(D). In this case, the maximum total benefit is $447,306, and Mr. Summers requests this amount be paid in a lump sum.

Tennessee Code Annotated section 50-6-229(a) gives the Court the discretion to order lump-sum awards, and the Supreme Court has long held that the statute encompasses death benefits. *Jones v. Gen. Accident Ins. Co.*, 856 S.W.2d 133, 136 (Tenn. 1993). In deciding whether to commute an award, the Court must consider if it is in the employee's best interests and whether the employee is able to "wisely manage and control the commuted award, regardless of whether special needs exist." Tenn. Code Ann. § 50-6-229(a).

While *Jones* confirmed that death benefits could be commuted, the Workers' Compensation Appeals Panel addressed whether it is appropriate to do so when a spouse is the sole dependent in *Educators Credit Union v. Gentry*, No. M2003-02865-WC-R3-CV, 2005 Tenn. LEXIS 216, at *8-9 (Tenn. Workers' Comp. Panel Mar. 9, 2005). The Panel considered the interplay between the general power to commute death benefits under section 50-6-229(a) and the contingencies created by sections 50-6-210(E)(4) and (8), which provide that benefits for the sole dependent spouse terminate upon death or remarriage.

The Panel found that the contingencies serve as limits to commutation, since the ultimate sum of future benefits payable to the sole dependent spouse cannot be ascertained, given that dependency could end at any time. Applying the rules of statutory construction, the Panel held that the legislative intent to limit death benefits to a spouse's dependency, which is impossible to determine at the time of judgment, foreclosed the possibility of commuting death benefits for a sole dependent spouse. *Id.* The Panel later confirmed this rationale in *Reynolds v. Free Serv. Tire Co.*, No. E2014-02233-SC-R3-WC, 2015 Tenn. LEXIS 734, at *11-12 (Tenn. Workers' Comp. Panel Sept. 16, 2015).

In his brief, Mr. Summers attempted to refute *Gentry* by citing several cases, including *Jones*, that in fact awarded, or contemplated awarding, lump-sum death benefits to spouses.[2] However, *Gentry* distinguished several of them by pointing out that they involved dependent minors. In those cases, an end to benefits could be calculated, since the spouse's benefits, should dependency end, would be redistributed to the minors until they reached the age of majority. The Panel also distinguished *Jones*, in which the

---

[2] None of the decisions Mr. Summers cited was issued after *Gentry*.

spouse was the sole dependent, on the grounds that the issue in that case was whether death benefits could be commuted at all, not whether it was specifically foreclosed against sole dependent spouses. *Id*. at *9.[3]

The Court also notes that at the time of the decisions cited by Mr. Summers, the Workers' Compensation Act was remedial. Tenn. Code Ann. § 50-6-116 (2013). The law required courts to apply a liberal construction in favor of the injured worker. *Wheeler v. Glen Falls Ins. Co.*, 513 S.W.2d 179 (Tenn. 1974). This included the issue of whether to commute an award to a lump sum. *Clayton v. Cookeville Energy, Inc.*, 824 S.W.2d 167, 169 (Tenn. 1992). In finding that it was proper to commute spousal death benefits, the Supreme Court stated in *Clayton* that even though the interests of both the employee and the employer should be considered when deciding lump-sum commutation, courts must remember that "the workers' compensation laws, and [section 50-6-229(a)] in particular, were enacted for the benefit of the employee." *Id*.

But liberal construction in favor of the employee is no longer the law. The Legislature amended Tennessee Code Annotated section 50-6-116 in 2013 to require that the Workers' Compensation Act "be construed fairly, impartially . . . and not in a manner favoring either the employee or the employer." Given that the ultimate cost of death benefits to a sole dependent spouse cannot be calculated, the Court finds that the requirement to impartially interpret the statute lends even more weight to the *Gentry* decision against awarding lump-sum death benefits to a sole dependent spouse.

However, even if *Gentry* were not controlling, the Court would not commute Mr. Summers's award. Lump-sum awards should "occur only in exceptional circumstances and not as a matter of course." *Clayton*, at 169. Under section 50-6-229(a), Mr. Summers must show that the commutation would be in his best interests and that he is able to wisely manage and control the commuted award. The Court finds he did not.

Regarding his plans for the lump-sum award, Mr. Summers stated without elaboration that some would be for his grandchildren's college education and that he needed the lump-sum award to "be in the background" to "maintain his lifestyle." The Supreme Court has held that a plan to invest "in a potential future need, however, laudatory," such as a future college education, is not enough to merit commutation. *Perdue v. Green Branch Mining Co.*, 837 S.W.2d 56, 60 (Tenn. 1992). Further, the mere fact that the dependent can manage his own income and could benefit from accrued interest, is also an insufficient reason. *Id*. Thus, the Court finds Mr. Summers failed to provide an adequate reason as to why commutation is warranted or would be in his best interests.

---

[3] The Court also notes that the Supreme Court ultimately denied Mr. Jones's request to commute his award to a lump sum.

In summary, the Court holds that, given he is the sole dependent, commuting Mr. Summers's award would be at odds with the legislative intent of Tennessee Code Annotated sections 50-6-210(E)(4) and (8), as set out in *Gentry*. However, even if *Gentry* were not controlling, the Court still finds that Mr. Summers failed to prove exceptional circumstances exist that warrant commutation. Thus, except for accrued benefits, the Court denies Mr. Summers's request for commutation.

*Attorneys' Fees*

In addition to commuting Mr. Summers's award to a lump sum, his counsel also asks the Court to award attorneys' fees equal to twenty percent of the award, including the amount RTR paid for funeral expenses. Counsel also requests that this sum be paid in a lump sum.

Tennessee Code Annotated section 50-6-226(a) governs the Court's duty to approve attorney's fees in workers' compensation cases. It specifically provides that "[t]he department shall deem the attorney's fee to be reasonable if the fee does not exceed twenty percent (20%) of the award to the injured worker."[4] In *Turner v. Pee Dee Country Enter., Inc.*, 2021 TN Wrk. Comp. App. Bd. LEXIS 26, at *13-14 (July 23, 2021), the Appeals Board interpreted this phrase to mean that the Court has no discretion in awarding attorney's fees so long as they are not more than twenty percent of the total award. Mr. Summers agreed in writing to pay his counsel twenty percent of his total award. Thus, under *Turner,* the Court awards this amount to Attorneys Garner and Heard.

Mr. Garner and Mr. Heard also seek twenty percent attorneys' fees for Ms. Summers's burial expenses of $7,125.00. Although RTR initially denied Mr. Summers's claim before he retained counsel, it eventually accepted it and paid burial expenses under Tennessee Code Annotated section 50-6-204(c). Thus, burial expenses were not an issue at trial.

The Court does not know of any case law or statute regarding attorneys' fees for burial expenses. However, the Court finds funeral expenses to be akin to medical expenses (the employer's obligations to pay for both types of expenses are contained in section 50-6-204), and attorneys' fees on disputed medical expenses have been addressed by both case law and statute.

It is well-established that attorneys can recover attorneys' fees for contested medical expenses that are rewarded at trial. *See Langford v. Liberty Mut. Ins. Co.,* 854

---

[4] Tennessee Code Annotated section 50-6-226(a)(3) provides that where the employer makes a written offer within thirty days of the employee's death to pay all death benefits, attorney's fees are limited to a reasonable fee for the actual time spent. The parties stipulated RTR's offer was not made until seventy-seven days after Ms. Summers's death, so this restriction does not apply.

S.W.2d 100, 102 (Tenn. 1993); *Bowlin v. Servall, LLC*, 2020 TN Wrk. Comp. App. Bd. LEXIS 70, at *11 (Nov. 25, 2020). However, Tennessee Code Annotated section 50-6-226(a)(2)(A) states that medical expenses "that have been voluntarily paid" are not subject to attorney's fees.

In determining "voluntary" payment of medical expenses, the Court is not aware of any decision that awarded attorneys' fees on medical expenses that the employer initially contested but then paid, or agreed to pay, before trial. In *Burks v. Williams Typesetting, Inc.*, No. E2001-00252-WC-R3-CV, 2002 Tenn. LEXIS 151, at *13-14 (Tenn. Workers' Comp. Panel Mar. 20, 2002), the employer had not paid certain medical expenses but stipulated before trial that it would do so. The Panel found that the expenses were not "contested," even though the employer had waited until an independent evaluation before accepting the claim. As a result, the Panel declined to award attorneys' fees for the expenses. *Id*.

The Court finds that the principle that medical expenses must be contested at trial before attorneys' fees may be awarded from them applies to burial expenses as well. Thus, the Court declines to award Mr. Garner and Mr. Heard attorneys' fees for burial expenses.

Finally, Mr. Garner and Mr. Heard request that the Court order their attorneys' fees be paid in a lump-sum amount equal to twenty percent, or $89,460.00, of the maximum total benefit that Mr. Summers might receive under workers' compensation law. It remains in the Court's discretion as to whether to commute attorneys' fees. *See Turner,* at n.6.

Regarding the commutation of fees in a death case, the Supreme Court held in *National Pizza Co. v. Young*, 855 S.W.2d 817, 818 (Tenn. 1994), that attorneys' fees in death cases can be commuted even when the dependents' benefits are paid periodically. The Supreme Court summarily dismissed the argument against commutation because the ultimate benefit amount could not be calculated, holding that the argument provided "no basis" for reversing the trial court's lump-sum award.

However, while *Gentry* did not specifically mention *National Pizza* in its analysis, the case is similar to other cases distinguished by *Gentry*. Like those cases, the dependents in *National Pizza* included minors as well as the spouse. Thus, if the spouse's dependency ended, her benefits would transfer to her children, making it possible to calculate the ultimate award. Further, *National Pizza* was also decided before the amendment to Tennessee Code Annotated section 50-6-116, which ended liberal construction and now requires the Court to construe the law fairly, impartially, and favoring neither the employee nor the employer.

Thus, even if it is not controlling, the Court finds the *Gentry* analysis compelling

6

as to commutation of attorneys' fees in death cases with sole dependent spouses. If the contingencies of death or remarriage make it impossible to determine a sole dependent spouse's ultimate award, it is equally impossible to determine a percentage of that award. It is possible that a lump-sum attorneys' fee award of almost $90,000 could exceed the actual benefits paid to Mr. Summers. The Court finds the possible inequity of such an outcome to RTR outweighs the inconvenience to Mr. Summers's counsel in receiving their fees periodically.

Thus, the Court denies Mr. Garner's and Mr. Heard's request for commutation of their entire attorneys' fees. However, they shall receive twenty percent of Mr. Summers's accrued benefits in a lump sum.

IT IS, THEREFORE, ORDERED THAT:

1. Mr. Summers is awarded death benefits in the weekly amount of $558.23 from August 20, 2020, until his dependency ends through remarriage or death or the benefits paid equal the maximum total benefit of $447,300.00.

2. Mr. Summers's request that his entire death benefits be paid in a lump sum is denied. RTR shall pay a lump-sum award of $27,991.25 in accrued benefits. From this, Mr. Summers's counsel is awarded twenty percent in attorneys' fees, or $5,598.25.

3. For the remaining award, Mr. Summers shall receive bi-weekly payments in the amount of $883.17, which equates to his death benefits less attorneys' fees, for so long as benefits are owed. Attorneys Garner and Heard shall receive bi-weekly payments in the amount of $223.29 to be divided between them for so long as benefits are owed.

4. RTR shall pay costs of $150.00 to the Court Clerk within five business days of this order becoming final.

5. RTR shall file with the Court Clerk a Statistical Data Form within ten business days of this order becoming final.

6. This Compensation Order is a final adjudication on the merits of Mr. Summers's claim. Unless appealed, it shall become final in thirty days.

**ENTERED on August 9, 2021.**

_____
**ROBERT DURHAM, JUDGE**
**Court of Workers' Compensation Claims**

**APPENDIX**

Technical Record:
1. Petition for Benefit Determination
2. Second Petition for Benefit Determination
3. Dispute Certification Notice
4. Application for Approval of Attorney's Fees
5. Pre-Compensation Hearing Statements
6. Mr. Summers's Exhibit and Witness List
7. Mr. Summers's Compensation Hearing Brief
8. Mr. Summers's Supplemental Compensation Hearing Brief
9. RTR's Compensation Hearing Brief
10. RTR's Amended Exhibit and Witness List
11. Dispute Resolution Statement
12. RTR's Supplemental Compensation Hearing Brief

Exhibits:
1. Affidavits to Application for Attorney's Fees
2. Collective Attachments to Exhibit List
3. Wedding Certificate
4. Death Certificate
5. Income and Expense Report
6. Attorney/Client Employment Agreement

## CERTIFICATE OF SERVICE

I certify that a copy of the Order was sent as indicated on August 9, 2021.

| Name | Certified Mail | Via Fax | Via Email | Service sent to: |
|------|------|------|------|------|
| Samuel Garner, Jr. | | | X | samgarner@fowlkesgarner.com |
| Stephen Heard | | | X | skheard@cclawtn.com |
| Rosalia Fiorello | | | X | rfiorello@wimberlylawson.com |

_____
**PENNY SHRUM, Court Clerk**
WC.CourtClerk@tn.gov

9



## NOTICE OF APPEAL

Tennessee Bureau of Workers' Compensation
www.tn.gov/workforce/injuries-at-work/
wc.courtclerk@tn.gov | 1-800-332-2667

**Docket No.:** _____

**State File No.:** _____

**Date of Injury:** _____

_____

**Employee**

v.

_____

**Employer**

Notice is given that _____

*[List name(s) of all appealing party(ies).  Use separate sheet if necessary.]*

appeals the following order(s) of the Tennessee Court of Workers' Compensation Claims to the Workers' Compensation Appeals Board (check one or more applicable boxes and include the date file-stamped on the first page of the order(s) being appealed):

☐ Expedited Hearing Order filed on _____      ☐ Motion Order filed on _____

☐ Compensation Order filed on_____      ☐ Other Order filed on_____

issued by Judge _____.

## Statement of the Issues on Appeal

Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____

_____

_____

_____

## Parties

**Appellant(s)** (Requesting Party): _____ ☐Employer ☐Employee

Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____ Docket No.: _____ Date of Inj.: _____

**Appellee(s)** (Opposing Party): _____ ☐Employer ☐Employee

Appellee's Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellee \**

## CERTIFICATE OF SERVICE

I, _____, certify that I have forwarded a true and exact copy of this Notice of Appeal by First Class mail, postage prepaid, or in any manner as described in Tennessee Compilation Rules & Regulations, Chapter 0800-02-21, to all parties and/or their attorneys in this case on this the _____ day of _____, 20 ____.

_____
*[Signature of appellant or attorney for appellant]*