enhanced under V.T.C.A., Penal Code, § 12.42(d), at life imprisonment.

Appellant contends the evidence was fatally at variance with the indictment, which alleged that appellant attempted to kill the complainant by shooting him with a gun, in that the evidence showed only that appellant fired five shots *at* the complainant, who was unharmed.

In *Windham v. State,* 638 S.W.2d 486 (Tex.Cr.App.1982), the court, in ruling that a fatal variance existed between the allegation that a defendant *shot at* a complainant and proof that, though the defendant squeezed the trigger, his gun did not discharge, overruled *Colman v. State,* 542 S.W.2d 144 (Tex.Cr.App.1976), in which proof of *shooting at* had been held sufficient to sustain a conviction for attempt under an indictment alleging *shooting.*

We are bound by the holding of the en banc court in *Windham,*[1] supra, and the judgment is therefore reversed with instructions to enter a judgment of acquittal.

Stephen L. Halsey, Dallas, for appellant.

Henry Wade, Dist. Atty. and J.T. Langford and Kevin Byrne, Asst. Dist. Attys., Dallas, Robert Huttash, State's Atty., and Alfred Walker, Asst. State's Atty., Austin, for the State.

Before TOM G. DAVIS and W.C. DAVIS, JJ.

OPINION

W.C. DAVIS, Judge.

Appellant was convicted of credit card abuse. The jury assessed punishment, enhanced under V.T.C.A., Penal Code, § 12.-42(a), at 20 years' confinement.

During the punishment phase of the trial, and after the introduction of evidence in that phase including expert testi-

**Bryan Lee RUTH, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 62883.

Court of Criminal Appeals of Texas, Panel No. 1.

July 13, 1983.

---

[1]. The author of this opinion dissented in *Windham* and adheres to the belief that an allegation of attempted murder by shooting with a gun is sufficiently proven by evidence that five shots were fired at the intended victim. The majority of the court has spoken to the contrary, however.

mony showing appellant to be the person convicted of a prior offense as alleged in the indictment, it came to the attention of the court that appellant had not pled to the enhancement count and that that count had not been read to the jury.

At that time appellant was arraigned on the enhancement count, and the indictment was then read to the jury. The court then overruled appellant's request that the jury be instructed to disregard the testimony which had been heard at the punishment phase prior to the reading of the indictment. Appellant now contends the court erred in overruling the request in the absence of a re-offer or stipulation of that evidence.

In *Welch v. State,* 645 S.W.2d 284 (Tex. Cr.App.1983), we held it to be reversible error to permit the jury to consider evidence which had been presented under the same circumstances where, as here, the evidence was essential to the proof of the enhancement allegation and was not reintroduced or stipulated, and where, as here, an objection sufficient to point out the defect was made.[1]

In light of *Welch,* supra, the judgment is reversed and remanded.

**Norris BRITTON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 64198.**

Court of Criminal Appeals of Texas, Panel No. 3.

July 13, 1983.

D. Brooks Cofer, Jr., Bryan, for appellant.

Travis W. Bryan, III, Dist. Atty., W.W. Torrey and Jim James, Asst. Dist. Attys., Bryan, Robert Huttash, State's Atty., and Alfred Walker, Asst. State's Atty., Austin, for the State.

Before TOM G. DAVIS, McCORMICK and TEAGUE, JJ.

OPINION

TEAGUE, Judge.

This is an appeal from a conviction for committing the offense of burglary of a habitation, see V.T.C.A. Penal Code, Sec. 30.02. A jury found appellant guilty of the offense and thereafter assessed his punish-

---

1. This writer was among the four dissenters in *Welch,* and still finds it anomalous that evidence introduced at the guilt/innocence phase may be considered but that which is introduced at the punishment stage but prior to the read-

ing of the enhancement paragraph may not. The en banc decision of this Court, however, must prevail over the individual misgivings of the author of a panel opinion.