Sarah PONDER, Individually and on Behalf of Mona Ponder, Melanie Ponder and Sarah Diane Ponder, and Mona Ponder, Individually and on Behalf of Sarah Diane Ponder and Melanie Ponder, Dependents of Delton Thomas Ponder, Sr., Deceased, Plaintiffs–Appellants,

v.

MANCHESTER HOUSING AUTHORITY and TML Risk Management Pool, Defendants–Appellees.

Supreme Court of Tennessee, at Nashville.

Jan. 31, 1994.

Robert L. Huskey, Manchester, for plaintiffs-appellants.

James C. Summers, Nashville, for defendants-appellees.

## OPINION

REID, Chief Justice.

In this workers' compensation death case, the issue presented is whether the trial court erred in failing to commute to a lump sum, death benefits awarded to the employee's surviving spouse and other dependents. The trial court found that commutation would not be appropriate under the facts presented. This Court's review of the record shows that the dependents are entitled to lump sum payments.

On July 12, 1991, Delton Thomas Ponder, Sr., died as the result of a heart attack precipitated by work-related activity. At the time of death, he was employed as a maintenance worker by Defendant Manchester Housing Authority, which was insured for workers' compensation purposes by Defendant TML Risk Management Pool. The employee was survived by a wife, a nineteen-year-old disabled child and a granddaughter, age seven. The defendants do not dispute that these three individuals qualify as dependents for purposes of workers' compensation death benefits.

After suit was filed on July 10, 1992, the parties agreed that the employee's death occurred in the course and scope of his employment. They also agreed that the dependents were entitled to maximum workers' compensation death benefits in the amount of $117,600.00, plus funeral expenses in the sum of $3,995.18; the settlement agreement was approved by the trial court and filed on September 3, 1992.

On September 25, 1992, the trial court conducted a hearing to determine (1) how the death benefits should be apportioned between the three dependents and, (2) whether those benefits should be paid in a lump sum. The trial court found that the benefits were to be apportioned equally among the surviving spouse and two children, each receiving one-third of the award. The trial court found that a lump sum was not appropriate because, even though the surviving spouse adequately demonstrated the ability to wisely manage and control any funds she might receive, she failed to establish a special need or that a lump sum would be in her best interest. The benefits awarded to the dependent children by order are paid to the Clerk and Master "to be held in trust as is customarily the case when the funds of those under disabilities are paid into court."

The surviving spouse contends that, in addition to the demonstrated ability to wisely manage and control a lump sum

award, the record shows that the dependents' best interests would be served by a lump sum award. She says that because the interest income from the investment of the principal is all that she needs for support, the principal and interest therefrom can be preserved indefinitely.

██ Section. 50–6–229(a) (Supp.1993) of the Tennessee Code Annotated, authorizes the lump sum payment of workers' compensation benefits. The statute is clear that "[i]n determining whether to commute an award, the trial court shall consider whether the commutation will be in the best interest of the employee, and such court shall also consider the ability of the employee to wisely manage and control the commuted award irrespective of whether there exist special needs." *Id.* Thus, the controlling statute creates a two-prong test for commuting workers' compensation awards—the best interest of the employee and the capability of wise management and control of the commuted award. *Clayton v. Cookeville Energy, Inc.,* 824 S.W.2d 167, 169 (Tenn.1992). There is no longer a requirement that the beneficiary of an award establish a "special need" in order to secure a commutation. In *North Am. Royalties, Inc. v. Thrasher,* 817 S.W.2d 308, 310–11 (Tenn.1991), the Court observed that when the legislature amended Section 50–6–229 in 1990 to eliminate the necessity of establishing a special need, it imposed upon the worker the burden of establishing, first, that a lump sum award is in his best interest and, second, that the worker is capable of wisely managing and controlling the commuted award.

In the instant case, the defendants do not contest the trial court's finding that the surviving spouse has demonstrated the ability to wisely manage a lump sum award. The proof shows that following the death of her husband, the surviving spouse borrowed $1,000.00 from a financial institution for the sole purpose of establishing credit in her own name. The decision to do this was not on the recommendation of her lawyer or anyone else, but her own reasoning that it would be wise to establish a credit reference for herself. She also enrolled in a college so that she would be in a position to better provide for her family. Further, she used the proceeds from life insurance to pay outstanding debts and to obtain transportation for the family. She also purchased a home for herself and the children. Housing had been provided by the husband's employer prior to his death. At the hearing, she was able to testify, from memory, precisely how much money she received as a result of her husband's death from insurance and retirement, what she spent it on, and how much was left. She had arranged the finances so that the family would have approximately the same income they had at the time Mr. Ponder was working, even without workers' compensation benefits. She had prepared an investment plan to be used in the event the trial court awarded her a lump sum. The proof establishes that she takes good care of her assets, has organized the family's finances, and has been preparing for a future without her husband's income. The record supports the trial court's finding that the surviving spouse is able to wisely manage and control her funds.

Having confirmed that the surviving spouse can wisely manage and control money, the issue is whether a lump sum award is in her and the children's best interests. Under the trial court's disposition of the case, the family receives a death benefit of approximately $60.00 per week from the periodic payments of the surviving spouse's portion of the award. The portion of death benefits awarded to the children is being paid directly and periodically into the court. Thus, the family is not now realizing any benefit from two-thirds of the total award except interest on the portion of the award received. It cannot be said that such an arrangement is in the best interests of the employee's family. In fact, the family would receive a greater present benefit from the interest on the entire award than they are currently receiving under the trial court's. order, which benefit will terminate when the benefits have been paid in full. It should also be noted that the surviving spouse and two children are likely to be a family unit for several years, and that any lump sum award which the surviving spouse receives will enure to the benefit of the family unit. *See Clayton v. Cookeville Energy, Inc.,* 824 S.W.2d at 170.

■ As stated earlier, the surviving spouse has structured the family finances in such a way that their income is sufficient to cover the family's expenses without workers' compensation periodic payments. Consequently, periodic payments are not needed as a substitute for wages; therefore, a lump sum award to the widow is in the best interest of the worker's dependents. For the same reasons, the portion of the award in favor of the children shall also be commuted to a lump sum, but shall be paid to the Clerk and Master with instructions that these funds be invested as provided by law. The interest accruing from the childrens' shares shall be paid to the surviving spouse, quarterly, for the use and benefit of the children.

This conclusion finds support in *Clayton v. Cookeville Energy, Inc.,* 824 S.W.2d 167 (Tenn.1992). In *Clayton,* the issue before the Court was whether death benefits to a surviving spouse should have been commuted to a lump sum. *Id.* at 168. The deceased worker in *Clayton* was survived by a wife and two minor children. *Id.* The trial court, as the trial court did in the present case, divided the award of death benefits equally among the surviving spouse and two children. *Id.* The trial court ordered that the childrens' shares be paid in trust until each child reached the age of majority. *Id.* With regard to the surviving spouse's share, the trial court ordered a lump sum, finding that it would be in her best interest as well as that of the children. This Court affirmed because, among other reasons, the family did not need periodic payments to substitute for lost wages. *Id.* at 170.

The surviving spouse has also raised an issue regarding commutation of her lawyer's fees. The disposition of that issue is controlled by statute. *See generally, Modine Mfg. Co. v. Patterson,* 1993 WL 331800 (Tenn.1993) (holding that the 1992 amendment to Section 50–6–229 permits commutation of attorney's fees set on or after the effective date of the statute).

The case is remanded to the trial court for further proceedings. Costs are taxed against the defendants.

DROWOTA, O'BRIEN and ANDERSON, JJ., concur.

DAUGHTREY, J., not participating.