**The STATE of Texas, Appellant,**

v.

**Darrell B. LAWSON, Appellee.**

**No. 2-93-261-CR.**

Court of Appeals of Texas, Fort Worth.

Nov. 2, 1994.

---

Bruce Isaacks, Crim. Dist. Atty., Kathleen A. Walsh, Asst., Denton, for appellant.

Jackson & Hagen, H.F. Rick Hagen, Denton, for appellee.

Before LATTIMORE, WEAVER and DAY, JJ.

## OPINION

LATTIMORE, Justice.

Appellee, Darrell B. Lawson, was charged by indictment of the offense of possession with intent to deliver a controlled substance (cocaine) in an amount of less than twenty-eight grams.[1] On May 14, 1993, a hearing was held on Lawson's pretrial motion to suppress evidence. On May 25, 1993, the trial court granted Lawson's motion to suppress the contents of a zippered bag found during an inventory search. The State appeals the trial court's ruling.

In one point of error, the State contends that the trial court erred in granting Lawson's motion to suppress because the evidence was seized pursuant to a valid inventory search.

We affirm.

On April 16, 1991, A.D. Mack, a police officer with the Denton Police Department, was patrolling the 1000 block of East Hickory when he discovered a car parked in the middle of the street. After parking his patrol car directly behind the vehicle, Mack approached the driver's side and found Lawson sitting in the front seat. Mack obtained Lawson's driver's license and proceeded back to his patrol car to run a warrant check. The check revealed an outstanding warrant in Dallas County for Lawson's arrest. Mack then informed Lawson of the warrant and placed him under arrest. A second officer, Mike Taylor, arrived shortly thereafter and conducted an inventory search of Lawson's vehicle pursuant to the Denton Police Department inventory policy. During the search, Taylor discovered a zippered bag, similar in description to a coin purse. Taylor testified that the bag was closed and he could not see through it. Taylor opened the bag and found drugs.

The Denton Police Department inventory policy does not specifically address the opening of closed containers found during an inventory search. The policy itself reads in pertinent part as follows:

> An inventory shall include all items located within the interior of the vehicle to include glove compartment and trunk when a key is available. No portion of the vehicle shall be forced open for a routing inventory, such as a locked trunk or glove compartment, when a key is not available. Where there is a need to gain access to such areas of the vehicle, a search warrant based upon probable cause shall be obtained.

There is also an unwritten department policy dealing with closed containers which are not locked. This unwritten policy is apparently designed to produce an inventory which effectuates the stated purpose of the inventory search, *i.e.,* to protect the owner's property. The State argues that because the written policy requires an inventory to include *"all items"* located within the interior of the vehicle, that *everything* may be searched (according to the unwritten policy) if it can be opened without force. We disagree that the opening of the bag was reasonable under the circumstances.

In *Autran v. State,* 887 S.W.2d 31 (Tex. Crim.App.1994), the Texas Court of Criminal Appeals, in a plurality opinion, specifically addressed the reasonableness of inventory searches and held that the Texas Constitution provides a privacy interest in closed

---

1. Act approved June 14, 1989, 71st Leg., R.S., ch. 678, § 1, 1989 Tex.Gen.Laws 2230, 2935, *amended by* Act approved June 19, 1993, 73rd Leg., R.S., ch. 900, § 2.02, 1993 Tex.Gen.Laws 3586, 3705 (current version at Tex.Health & Safety Code Ann. § 481.112(a), (b) (Vernon Supp. 1994)).

containers which is not overcome by the general policy considerations underlying an inventory. *Autran*, at 41–42. According to *Autran*, the officer's interest in the protection of a person's property can be satisfied by simply recording the existence of and describing or photographing, or both, the closed container. *Id.* In other words, courts will no longer "presume the search of a closed container reasonable under [the Texas Constitution] simply because an officer followed established departmental policy." *Id.* This is not to say that an officer may never open a closed container found during an inventory search. Instead, we simply require the officer to procure a warrant, or in the alternative, justify the warrantless search based on another exception to the warrant requirement.[2] *See id.*

In reaching our conclusion, we are mindful of our prior decision in *Heitman v. State*, 836 S.W.2d 840 (Tex.App.—Fort Worth 1992, no pet.), wherein we held that an inventory search of a half-opened briefcase found in an impounded automobile did not violate the defendant's rights under either the Fourth Amendment of the United States Constitution or under article I, section 9 of the Texas Constitution. *Heitman* was an en banc decision, and until *Autran*, was precedent for this court. *See Ruth v. State*, 653 S.W.2d 437, 438 n. 1 (Tex.Crim.App.1983). Although the plurality opinion in *Autran* does not explicitly overrule *Heitman*, we follow the most recent pronouncements from the Texas Court of Criminal Appeals on the validity of inventory searches under state law. As an intermediate appellate court, we follow the law as enunciated by the highest courts in this state. Accordingly, the State's only point of error is overruled.

We affirm the trial court's granting of the motion to suppress. Based on our holding, we need not address Lawson's cross-point.

---

2. In this case, the arresting officer testified that the zippered bag was opened pursuant to an inventory search, not a search incident to a lawful arrest.