IN THE SUPREME COURT OF TENNESSEE
AT NASHVILLE



**FILED**

**December 20, 1999**

**Cecil Crowson, Jr.**
**Appellate Court Clerk**

| | | |
|---|---|---|
| WILLIAM EDMONDS, | ) | **FOR PUBLICATION** |
| | ) | |
| Plaintiff/Appellant, | ) | **Filed:** December 20, 1999 |
| | ) | |
| | ) | |
| v. | ) | Wilson Criminal |
| | ) | Hon. J. O. Bond |
| | ) | |
| WILSON COUNTY and WILSON | ) | |
| COUNTY ROAD COMMISSION, | | Supreme Court No. |
| | ) | M1998-00451-SC-WCM-CV |
| Defendants/Appellees. | ) | |
| | ) | Trial Court No. 96-235 |

For Defendants-Appellees:      For Plaintiff-Appellant:

Kent E. Krause                      Frank Buck
Sharon E. England              124 West Main Street
Suite 2600, The Tower            Smithville, TN 37166
611 Commerce Street
Nashville, TN 37203

**OPINION**

JUDGMENT OF TRIAL COURT                    DROWOTA, J.

AFFIRMED

In this workers' compensation action, the defendants, Wilson County and Wilson County Road Commission, have appealed from the trial court's judgment finding that the employee, William Edmonds, was entitled to a commutation of his award of workers' compensation benefits to a lump sum. The Special Workers' Compensation Appeals Panel, upon reference for findings of facts and conclusions of law pursuant to Tenn. Code Ann. § 50-6-225(e)(3), affirmed the trial court's award of benefits, but modified the judgment to disallow payment of the award in a lump sum. Thereafter, the employee filed a motion for full Court review of the Panel's decision pursuant to Tenn. Code Ann. § 50-6-225(e)(5)(B). We granted the employee's motion to determine whether the trial court abused its discretion in ordering the award paid in a lump sum. After carefully examining the record before us and considering the relevant authorities, we affirm the trial court's judgment commuting the award to a lump sum.

## BACKGROUND

The employee, William Edmonds, was 49 years old at the time of trial. He had no formal education or vocational training beyond receiving a GED. His prior work experience consisted of factory work, driving a truck, and repairing engines and machinery. The employee's work responsibilities for the defendant employer included driving a pick-up truck and trailer, hauling pipe to job sites, and assisting in installing pipe. He also performed some carpentry and general maintenance work for the employer.

On December 13, 1995, the employee fell from a ladder in the course and scope of his employment. He broke his right arm and injured his left leg in the fall. The employee had

2

two surgeries on the injured leg, and developed a chronic circulatory problem that cannot be corrected by surgery. He has significant problems with swelling and discomfort in the leg, and must elevate it above heart level several times a day to alleviate the swelling and discomfort. The employee must take a blood thinner to protect against blood clots. Taking the blood thinner requires the employee to be careful not to injure himself through bruising or cuts

At trial, the employee presented the testimony of a banker, Roy Pugh, who has worked in the banking industry for twenty-three years. The banker, who knew the employee for over twenty years, testified that he was familiar with the employee's financial history, which he described as "very frugally done." Regarding the employee's ability to manage his money and assets the banker stated: "I think he's an excellent manager. . . . I solicited his business even though it was eighteen miles from where I work. I fortunately did get part of his business at that time. He always did his business appropriately. He's very efficient in his management of money." The banker further testified that it would be financially advantageous for the employee to have his workers' compensation award paid in a lump sum so that the award could be invested and earn interest. The banker and the employee had lengthy discussions concerning how to best invest a lump sum award. The banker testified that he would assist the employee if his award was commuted to a lump sum.

The employee testified that he wanted a lump sum award so that the funds could be invested and produce income. He also wanted a lump sum in order to provide an estate for his wife and children in the event of his death.[1] Evidence regarding the employee's financial condition showed that his house and ten acres, vehicles, and farm equipment, were all paid for. His debts consisted of some medical bills and transportation costs for his son, who was

---

[1] The employee testified: "Well, my concern is my family. Cause I've got an obligation to take care of my family and if I take a lump sum, then we can work with a lump sum and if something happens to me, my wife will still have the lump sum. But if I take it over a period of years . . . and these blood clots cause me to have a heart attack, then I'm going to be buried and my wife is going to have nothing."

attending college. Prior to the injury, the employee had approximately $18,000 in a savings account.

The trial court found that the employee sustained a 95 percent permanent vocational disability to the body as a whole, which entitled him to a judgment of $100,658.20, to be paid in a lump sum. The trial court explained its decision to commute the award as follows:

> Is he able to handle [his finances]? A man who's already paid for his house, has his car and truck paid for, had money in the bank when this happened, got a banker who says he's good at what he does, that he's a good manager. I believe it would be to the best interest of this man if he gets his money in a lump sum. I think he can manage it, I think he can make more money off of the money than he would get if he was paid on a weekly basis. Cause there's not anything in this man's background that would indicate that he's extravagant, that he didn't pay his bills or he's taken bankruptcy, there's not anything that would state he couldn't handle the money. It's all positive, a man who does have the ability and in whose best interest it would be to have the money instead of receiving it [periodically]. The Court is going to find that he can handle his money and it should be paid in a lump sum.

Accordingly, the trial court found that the employee was capable of wisely managing a commuted award, and that such an award was in his best interest. The trial court further found that the employee had "special needs" justifying a commutation of benefits, although the court did not specify what those needs were.

The Special Workers' Compensation Appeals Panel affirmed the trial court's finding regarding the employee's extent of disability. However, the Panel held that the trial court abused its discretion in ordering the award paid in a lump sum. The Panel opined that a commutation was improper because no evidence was presented that the commuted award would be used for rehabilitation purposes. The Panel modified the trial court's judgment accordingly. Thereafter, the employee filed a motion for full Court review of the Panel's decision pursuant to Tenn. Code Ann. § 50-6-225(e)(5)(B). We granted the employee's

4

motion, and now reject the Panel's finding concerning the impropriety of the lump sum and affirm the judgment of the trial court.

## DISCUSSION

An award of workers' compensation benefits may be commuted to one or more lump sum payments upon motion of a party subject to the approval of the trial court. Tenn. Code Ann. § 50-6-229(a). The controlling statute, Tenn. Code Ann. § 50-6-229(a), states that "[i]n determining whether to commute an award, the trial court shall consider whether the commutation will be in the best interest of the employee, and such court shall also consider the ability of the employee to wisely manage and control the commuted award irrespective of whether there exist special needs."

In 1990, Tenn. Code Ann. § 50-6-229(a) was amended to eliminate a requirement that the employee demonstrate a special need as a prerequisite to receiving a lump sum award.[2] Clayton v. Cookeville Energy Inc., 824 S.W.2d 167, 169 (Tenn. 1992). Thus, under the statute as it is currently written, the employee has the burden of demonstrating first that a lump sum is in the employee's "best interest," and second that the employee is capable of "wisely managing and controlling the commuted award." Perdue v. Green Branch Min. Co., Inc., 837 S.W.2d 56, 58 (Tenn. 1992). Whether to commute the award is discretionary with the trial court, and this Court will not alter the trial court's decision absent a showing that the trial court's decision amounted to an abuse of discretion. Perdue, 837 S.W.2d at 58; Bailey v. Colonial Freight Systems, Inc., 836 S.W.2d 554, 557 (Tenn. 1992). Thus, we must determine

---

[2]One of the legislative sponsors of the 1990 amendment deleting the requirement of demonstrating a special need stated: "[F]or those set of [workers] that have no special needs out there, but are able and capable of managing their own money, I don't think we ought to be telling them that they can't have their money and this is what this bill does. . . ."

in the present case whether the trial court abused its discretion by commuting the employee's award to a lump sum.

This Court has pointed out several times in the past that the purpose of workers' compensation is to provide injured workers with periodic income as a substitute for lost wages. Purdue, 837 S.W.2d at 59. Periodic payments are thus "part of a statutory scheme designed to cushion an injured worker during the period of his or her disability." North American Royalties v. Thrasher, 817 S.W.2d 308, 310-11 (Tenn. 1991). However, when there is no need for periodic payments to substitute for lost wages, this Court has permitted a commutation when the employee has shown that the commutation is in the employee's best interest and that the employee can wisely control and manage it.

For example, in Ponder v. Manchester Housing Authority, 870 S.W.2d 282 (Tenn. 1994), the surviving spouse of the deceased employee appealed the trial court's decision not to lump sum an award of benefits. This Court reversed the trial court because the plaintiff had structured the family finances in such a way that periodic payments were not needed as a substitute for lost wages. Id. at 284-85. We also noted in Ponder that the plaintiff would receive a greater benefit from the interest on the award than she was receiving through periodic payments. Id. at 284. Thus, we were persuaded that the plaintiff could wisely manage and control the commuted award and that a commuted award was in the plaintiff's best interest. Therefore, we concluded that the trial court should have commuted the award.

In another case, Clayton v. Cookeville Energy, Inc., 824 S.W.2d 167 (Tenn. 1992), the issue before us was whether benefits paid to a surviving spouse should have been commuted to a lump sum. In addition to paying off some debts, the plaintiff in Clayton planned to invest the award so that it could earn interest. The plaintiff did not need the award to cover her

6

monthly expenses. Clayton, 824 S.W.2d at 170. We held that a commutation was appropriate because the plaintiff did not need periodic payments to substitute for lost wages and the requirements of Tenn. Code Ann. § 50-6-229(a) were satisfied. See also Perdue, 837 S.W.2d at 59-60 (lump sum award upheld where there was no need for periodic payments to substitute for wages).

In the present case, the proof establishes that the employee's house, land, vehicles, and farm equipment were all paid for. Prior to his injury, the employee had saved approximately $18,000. His banker, who was thoroughly familiar with the employee's financial history, testified that the employee was "very efficient" in the management of his money and assets. The employee sought professional advice on how to best invest a commuted award in the event one was ordered. This evidence was uncontradicted, and no evidence was presented that the employee failed to pay his bills, was a spendthrift, or had much debt. Accordingly, we have no difficulty concluding that the record supports the trial court's finding that the employee was capable of wisely managing and controlling a commuted award.

Having decided that the employee satisfied the wise management and control prong of Tenn. Code Ann. § 50-6-229(a), we turn to whether a lump sum award is in the employee's best interest. The employee testified that he wanted a lump sum award so that the funds could be invested and earn interest. He also wanted the award lump summed in order to provide for his family in the event of his death. The employee's banker testified that it would be financially advantageous for the employee to have his award commuted to a lump sum so that it could be invested and earn interest. The banker also testified that he would assist the employee in investing the funds. This evidence, coupled with the fact that the employee has relatively few monthly financial obligations for which periodic payments are needed, compels us to the same conclusion reached in Clayton, Perdue, and Ponder, i.e., the record supports

7

the trial court's finding that a commuted award is in the employee's best interest. Hence, the employee has satisfied both prongs of Tenn. Code Ann. § 50-6-229(a).

Accordingly, we hold that the trial court did not abuse its discretion in awarding a lump sum. We further note that the trial court's finding that the employee had "special needs" justifying a commutation of benefits is of no consequence because the employee met the requirements of Tenn. Code Ann. § 50-6-229(a). Therefore, he is entitled to a commuted award "irrespective of whether there exist special needs." Tenn. Code Ann. § 50-6-229

## CONCLUSION

For the foregoing reasons, we reject the findings and conclusions of the Special Workers' Compensation Appeals Panel regarding commutation of the award and affirm the judgment of the trial court. Costs of this appeal are taxed to the defendants, for which execution may issue if necessary.

_____
Frank F. Drowota, III
Justice

CONCUR:

Anderson, C. J., Birch, Holder, JJ.
Barker, J. not participating

8