Gary Gene **VAN HOOSER**, Plaintiff/Appellee,

v.

**MUELLER COMPANY**, Defendant/Appellant.

Supreme Court of Tennessee, at Knoxville.

Dec. 7, 1987.

---

Joseph C. Wilson, III, Spears, Moore, Rebman & Williams, Chattanooga, for defendant/appellant.

William H. Ortwein, Larry G. Roddy, Ortwein & Associates, P.C., Chattanooga, for plaintiff/appellee.

## OPINION

FONES, Justice.

In this worker's compensation case plaintiff, Gary Gene Van Hooser, was found by the chancellor to have suffered a sixty-five percent permanent partial disability to the body as a whole as a result of an on-the-job

injury that occurred on 16 June 1984, and awarded permanent partial disability payments for two hundred and sixty weeks. The benefits that had accrued prior to trial were ordered paid immediately, while the remaining benefits were ordered paid in weekly installments. Upon plaintiff's motion, a hearing was held, and the chancellor ordered defendant, Mueller Company, to pay immediately, in a lump sum, the commuted value of benefits for thirty weeks. In addition, defendant was ordered to continue making periodic benefit payments for the remaining one hundred fifty-six weeks.

The issue presented on this appeal is whether the chancellor erred in awarding benefits to plaintiff on a partial lump sum basis. As plaintiff's cause of action arose prior to 1 July 1985, review by this Court is governed by the material evidence rule. See Alley v. Consolidation Coal Co., 699 S.W.2d 147, 149 (Tenn.1985).

At the hearing on the motion for a lump sum payment of benefits, the testimony showed that plaintiff was unable to work for ten months after the accident because of his injuries. During this period, plaintiff was not paid, and did not receive worker's compensation benefits. Plaintiff testified that in order to pay his bills, he had to borrow between seven and eight thousand dollars from his parents. These bills included $3,495 for his car, $3,170 for his house, a $500 attorney's fee and other unspecified miscellaneous expenses. This debt to his parents was unpaid at the time of the hearing. In addition, plaintiff owed $950 to the Veterans' Administration. The record also shows that at the time of the hearing, plaintiff had returned to work at Mueller Company, though at a different job with a lower pay rate, and that on the date of the hearing, plaintiff received a check for $10,064 as payment for worker's compensation benefits that were accrued, but unpaid. Finally, the record shows that prior to the hearing, plaintiff's father had died intestate, leaving plaintiff, his mother, and his brother.

In his order of a partial lump sum award, the chancellor stated:

From the testimony of the plaintiffs, the court is of the opinion, among other things, that plaintiff was unable to work for a period of approximately ten (10) months subsequent and as a result of the accident complained of in his complaint, that during this period defendant failed to pay any compensation whatsoever which contributed to considerable debt incurred by plaintiff and for this reason plaintiff would be entitled to a portion of his award on a lump sum basis.

Defendant argues that the decision of the chancellor is erroneous because plaintiff has not demonstrated a "special need" for a lump sum award. See Fowler v. Consolidated Aluminum Corp., 665 S.W.2d 713 (Tenn.1984). Under the Tennessee worker's compensation scheme, awards of compensation which are payable periodically may be commuted to one or more lump sum payments upon motion by any party, and approval by a proper court. T.C.A. § 50–6–229. The decision of whether to commute an award to a lump sum is left to the discretion of the trial court. Fowler v. Consolidated Aluminum Corp., 665 S.W. 2d at 714. However, this Court has held that lump sum awards are an authorized exception to the general statutory purpose, and are not to be awarded as a matter of course. Valles v. Daniel Construction Co., 589 S.W.2d 911 (Tenn.1979). As this Court noted in Smith v. Gallatin Nursing Home, 629 S.W.2d 683, 685 (Tenn.1982), there have been many instances in the past where claimants have received substantial lump sum awards which have been rather quickly dissipated for improper purposes. Because of the possibility of abuse, this Court has established guidelines for use by trial courts in the exercise of their discretion. The trial court must consider all relevant facts in light of the purpose of the Tennessee Worker's Compensation Act— the payment of periodic payments as a substitute, and in a manner consistent with, the employee's regular wage. Fowler v. Consolidated Aluminum Corp., 665 S.W.2d at 714.

Before the trial judge decides to commute an award he ought to be able to ascribe a good reason therefor arising

from the evidence produced before him. The employee bears the burden of showing that it is in his best interest that the award be commuted rather than paid in installments. The reason commonly advanced for commuting an award is that the plaintiff has some special need for receiving the money in a lump sum....

*Id.* at 715.

In the present case, the chancellor determined that plaintiff's need to satisfy debts incurred while he was unable to work was a good reason for commuting the award. Plaintiff's testimony at the hearing was quite vague. He stated that he owed his parents between seven and eight thousand dollars[1] and that he owed the Veterans' Administration about $950. Thus, plaintiff at the time of the hearing owed, according to his testimony, debts totalling $8,950, which he wished to pay with the lump sum award. Against this testimony must be considered the following facts. On the date of the hearing plaintiff received a check for $10,064 for benefits that had accrued. As a beneficiary of one-third of his father's estate, he was entitled to an off-set against the debt owed to his father's estate so that the debt was in reality approximately $5,000. Plaintiff was employed at the time of the hearing at a wage rate of $8.51 per hour, and defendant had begun to pay plaintiff compensation benefits of $136 per week for one hundred and eighty-nine weeks and four days. We cannot say on this record that plaintiff has satisfied his burden of showing a good reason or a special need to justify even a partial lump sum award. The $10,064 payment was sufficient to satisfy plaintiff's debts, and leave him with several thousand dollars in cash at the time of the decree. The chancellor clearly abused his discretion when he ordered a partial lump sum award.

This order requiring the payment of a partial lump sum is reversed and this cause is remanded to the trial court for the entry of an order requiring the payment of the unaccrued portions of the award in accord with the statute.

1. The testimony only reveals a debt of $7,165 to his parents. This amount consists of: $3,495

Costs are adjudged against defendant Mueller Company.

HARBISON, C.J., and COOPER, DROWOTA and O'BRIEN, JJ., concur.

for plaintiff's car, $3,170 for his house, and $500 for attorney's fees.