Wanda Sue Roberts GONSALVES,
Plaintiff–Appellant,

v.

William H. ROBERTS, Defendant–
Appellee.

Supreme Court of Tennessee,
at Knoxville.

Corrected Opinion Aug. 28, 1995.

John W. Cleveland, Cleveland and Cleveland, Sweetwater, for appellant.

J. Reed Dixon, Dixon and Dixon, Sweetwater, for appellee.

## OPINION

O'BRIEN, Special Justice.

This action was initiated as a Petition to Modify a Final Decree of divorce for the purpose of increasing the amount of child support the defendant was ordered to pay.

The sole issue presented for review is whether workers' compensation permanent partial disability benefits are income for calculation of child support obligations.

Appellant correctly asserts that T.C.A. § 36–5–101(e) provides that in making its determination concerning the amount of support of any minor child or children of the parties, the court shall apply as a rebuttable presumption the Child Support Guidelines promulgated by the Department of Human Services pursuant to the rule making provisions of the Uniform Administrative Procedures Act, compiled in Title 4, chapter 5 of the Tennessee Code. The particular regulations under consideration are the Guidelines for calculating child support awards, D.H.S., Rule 1240–2–4–03 (Rule 3)(a) or (b) which includes workers' compensation benefits as income for calculation of the amount of support of a minor child or children of the parties.

The trial judge specifically applied the child support guidelines in the order modifying the child support previously awarded in the case. After hearing the proof, he increased the amount of child support from Twenty Five ($25.00) Dollars per week to Sixty ($60.00) Dollars per week and decreed that the appellee continue to pay the additional sum of Fifteen ($15.00) Dollars per week to apply on arrearage due, raising the total payment to Seventy Five ($75.00) Dollars per week, based on appellee's income. The judge observed in the course of the

proceedings that temporary total disability payments, where applicable, were included in the guidelines but it was his opinion that proceeds of a permanent disability settlement was not. Without any further analysis the Court of Appeals concurred in that finding, expressing the belief that it was the intent when enacting the guidelines that the provision apply only to temporary total disability payments received in lieu of wages, rather than to payments paid as a result of a permanent disability.

Title 4, Chapter 5 of the Tennessee Code establishes the procedures for State agencies under the aegis of the Uniform Administrative Procedures Act. It is designed to clarify and bring uniformity to the procedure of State administrative agencies and judicial review of their determination, T.C.A. § 4-5-103. Compliance with the procedures prescribed in Title 4, Chapter 5 does not obviate the necessity of complying with procedures prescribed by other provisions of the code.

Title 50, Chapter 6 of The Code governs the procedures, rights, liabilities and limitations under the workers' compensation law. T.C.A. § 50-6-223 provides for the exemption and nonassignability of compensation claims and exceptions to nonassignability. Until 1991, no assignment could be made and a wife had no vested interest or right in the money paid into court in response to a worker's compensation award, see *Rhea v. Park,* 366 S.W.2d 765 (Tenn.1963). Apparently, in recognition of the duty to support and the pervasive tendency in recent times by parents responsible for child support to avoid that responsibility, the legislature enacted Chapter 224 of the Public Acts of 1991, adding sub-section (b) and (c) to T.C.A. § 50-6-223 to provide:

> (b) Notwithstanding the provisions of sub-section (a) to the contrary, the court may assign up to fifty percent (50%) of such compensation made by periodic payments to fulfill a valid present and prospective child support obligation; provided, that such assignment is administered in accordance with § 50-2-105. However, no such

assignment may be made for arrearages in child support.

> (c) Notwithstanding the provisions of sub-section (a) to the contrary, the court may assign up to twenty percent (20%) of any lump sum settlement to satisfy a judgment for arrearages in child support.

The guidelines cannot take precedence over the specific provisions of the workers' compensation act. Therefore, it is clear that in compliance with the specific provisions of sub-section (b) of T.C.A. § 50-6-223, the trial judge has the discretion to assign a portion of a temporary total disability award to fulfill a child support obligation. Similarly, under sub-section (c) of the statute the Court may assign a part of a lump sum settlement to satisfy a judgment for arrearage in child support payments.

The judgments of the Court of Appeals and the trial court are reversed insofar as they conflict with this Opinion. We find no abuse of discretion on the part of the trial court in fixing the effective date of the increase in the child support award as of the date of the judgment and to not make the increase effective retroactively.

The cause is remanded to the trial court for such other and further proceedings which may be required, including the assessment of costs in that court. The costs on appeal are adjudged against the appellant and the sureties on her appeal bond.

ANDERSON, C.J., and DROWOTA, REID and BIRCH, JJ., concur.