# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE

**FILED**

**February 23, 1999**

**Cecil Crowson, Jr.**
**Appellate Court Clerk**

JANET LYNN HOBBS,              )
                                        )

            Plaintiff/Appellant,     ) Bedford Chancery No. 20,945

VS.                             ) Appeal No. 01A01-9808-CH-00418

GARRY EARL HOBBS,         )

            Defendant/Appellee.   )

APPEAL FROM THE CHANCERY COURT OF BEDFORD COUNTY
AT SHELBYVILLE, TENNESSEE
THE HONORABLE TYRUS H. COBB, CHANCELLOR

**BRENDA S. BRAMLETT**
Shelbyville, Tennessee
Attorney for Appellant

**JOSEPH E. FORD**
**McBEE & FORD**
Winchester, Tennessee
Attorney for Appellee

**REVERSED AND REMANDED**

**ALAN E. HIGHERS, J.**

**CONCUR:**

**W. FRANK CRAWFORD, P.J., W.S.**

**DAVID R. FARMER, J.**

       Plaintiff Janet Lynn Hobbs ("Wife" or "Appellant") appeals the judgment of the trial

court which refused to consider the lump sum workers' compensation settlement of Defendant Garry Earl Hobbs ("Husband" or Appellee") in the setting of current and prospective child support for the minor child of the parties, and reduced the child support order from $960.00 per month to $565.00 per month.

## I. Factual and Procedural History

A complaint for divorce was filed by Wife on November 22, 1996. That same date, Husband, pro se, filed an Answer and the Final Decree was entered which incorporated a Marital Dissolution Agreement making support provisions for the two (2) minor children.

> 4. That, the parties agree that Husband is currently unemployed due to a work-related injury suffered by him. In this regard, the parties have agreed that husband shall be responsible for the payment of child support in the amount of $400.00 per month until Husband's workers' compensation action is concluded, or twelve (12) months has expired, whichever comes first. However, when Husband's workers' compensation claim shall be concluded, whether by settlement, judgment or otherwise, Husband shall pay to Wife a lump sum equal to the difference in the amount of interim child support of $400.00 per month, and $960.00 per month, which is his actual child support obligation. In addition, Husband shall resume regularly [sic] monthly payments of child support in the above sum after conclusion of his workers' compensation case. Husband shall pay said child support obligation directly to Wife.

Husband ultimately settled his workers' compensation claim for a lump sum payment of $125,000. On October 29, 1997, Wife filed a Petition for Contempt citing an arrearage of $2,400.00 for child support as well as other factors. A Show Cause Order was entered and the matter was set to be heard on January 30, 1998.

On February 9, 1998, Husband petitioned the Court for a reduction of child support. Husband contended that under the child support guidelines, his monthly child support obligation would be the sum of $565.00 based upon his total monthly income from retirement, the Veteran's Administration and the Social Security Administration. He averred that there was a significant difference between the amount of child support he was ordered to pay in the final decree of divorce ($960.00 per month) and the amount called for by the

2

guidelines and that he was therefore entitled to have his child support obligation reduced.

A hearing was held in Chancery Court on May 1, 1998 on the Plaintiff's Petition for Contempt and Verbal Motion to Increase Child Support. At this time, the Court held that Husband's Petition for Reduction of Child Support filed in response to Wife's Petition for Contempt would properly be considered a counter-complaint.

Wife contended that Husband was liable for the outstanding arrearage and the Court should assign a part of the workers' compensation settlement for that purpose but more importantly, that a portion of the $125,000.00 settlement should be considered in establishing present and future child support. The Court found that the lump sum settlement could be used to pay the child support arrearage pursuant to Tenn. Code Ann. §50-6-223 and ordered Husband to pay to Wife the sum of $11,760.00 for the stipulated arrearage. The Court refused to consider the $125,000.00 settlement as income for the purposes of child support. The Court then ordered that Husband's monthly child support obligation should be reduced from $960.00 to $565.00. This appeal by Wife followed.

## II. Child Support and Workers' Compensation Settlement

Husband was awarded a lump sum workers' compensation award in the amount of $125,000.00. The trial court refused to consider this lump sum award as income for the purpose of determining Husband's child support obligation. Husband also received monthly income from retirement, Veterans Administration and Social Security Administration totaling $2,199.00 per month. The trial court based Husband's child support obligation on this figure and reduced Husband's child support obligation from $960.00 per month to $565.00 per month.

Wife contends that the trial court erred in refusing to consider Husband's lump sum workers' compensation settlement as income for the purpose of setting his child support obligation. The Child Support Guidelines state in pertinent part:

3

> Gross income shall include all income from any source (before taxes and other deductions), whether earned or unearned, and includes but is not limited to, the following . . . workers' compensation benefits whether temporary or permanent . . .
>
> Tennessee Department of Human Services Child Support Guidelines Chapter 1240-2-4-.03(3).

Tennessee Code Annotated §50-6-223[1] deals with the assignability of compensation claims.

> **§50-6-223 Exemption and nonassignability of compensation claims - Exceptions to nonassignability -** (a) No claim for compensation under this chapter shall be assignable, and all compensation and claims therefor shall be exempt from claims of creditors.
>      (b) Notwithstanding the provisions of subsection (a) to the contrary, the court may assign up to fifty percent (50%) of such compensation made by period payments to fulfill a valid present and prospective child support obligation; provided, that such assignment is administered in accordance with §50-2-105. However, no such assignment may be made for arrearage in child support.
>      (c) Notwithstanding the provisions of subsection (a) to the contrary, the court may assign up to twenty percent (20%) of a lump sum settlement to satisfy a judgment for arrearage in child support.

The trial judge refused to consider Husband's lump sum workers' compensation settlement as income for the purpose of setting child support based on Tenn. Code Ann. §50-6-223. Subsection (a) states that workers' compensation is not assignable and is exempt from claims of creditors, while sections (b) and (c) spell out the exceptions to that general principal. The language of section (b) allows a court to assign up to 50% of workers' compensation benefits made by periodic payments to fulfill a present and prospective child support obligation. Nowhere in the statute does it specifically state that a lump sum settlement can be similarly assigned. Thus the trial court found that the lump sum settlement could not be considered for child support purposes.

The objects of the Workmens' Compensation Act prohibiting assignment of compensation claims and exempting them from creditors claims, are to insure application of awards to necessities of injured employees or their dependents and prevent them from becoming public charges. Prime v. Dunaway, 50 S.W.2d 223 (Tenn 1932). Although the statute is worded in terms of periodic workers' compensation payments, it is illogical to

---

[1]Tennessee Code Annotated §50-6-223 has been amended effective May 19, 1998. While much of the language is changed, the amendment does not appear to clarify the issue presented in this case.

4

conclude that the legislature intended lump sum awards to be exempt when used for the same purpose.

The provisions found in the guidelines and Tenn. Code Ann. §50-6-223 were addressed by the Tennessee Supreme Court in Gonsalves v. Roberts, 905 S.W.2d 931 (Tenn. 1995). In that case the trial court refused to consider the father's workers' compensation permanent disability benefits as income and the wife appealed. Ultimately, the Supreme Court reversed the lower courts and held that workers' compensation permanent disability benefits were income for the calculation of child support obligations. Id. at 932.

Although the Gonsalves case dealt with periodic workers' compensation payments rather than a lump sum settlement, the Supreme Court spoke on the purpose of the child support exceptions to the general rule of nonassignability. The Court found that the legislature enacted Chapter 224 of the Public Acts of 1991, adding subsection (b) and (c) to Tenn. Code Ann. §50-6-223, in recognition of the duty to support and the pervasive tendency in recent times by parents responsible for child support to avoid that responsibility.

The Illinois Appellate court addressed the issue of lump sum workers' compensation settlements and concluded that a person's lump sum workers compensation settlement was income for the purposes of determining child support. The court reasoned that it would be illogical to treat the two methods of payment differently.

> To reach this unreasonable result, one must conclude that the legislature intended to require a parent who elects to receive a workers' compensation award in the form of periodic payments to include the award as income for the purposes of meeting his child support obligations, while, at the same time, permitting another parent, merely because he elects a lump sum workers' compensation award, to escape the duty of applying the award to his child support obligations. Statutes are to be construed in such a way that they have a reasonable meaning and are accorded an interpretation that will not lead to absurd consequences.

In re Marriage of Dodds, 583 N.E.2d 608 (Ill.App. 1991).

5

As stated above, the object of the Tennessee statute is to insure the workers' compensation award will be available for use by the injured party and his dependents. Subsections (b) and (c) of the statute excepting child support from the general rule of nonassignability were enacted in recognition of a parents duty to support his or her children. These goals are the same whether the injured worker receives periodic payments or elects to receive a lump sum settlement.

Husband could have taken his settlement in periodic payments. Instead, Husband elected to transform his right to receive periodic payments into a lump sum present day cash value pursuant to Tenn. Code Ann. §50-9-229. Husband should not be allowed to escape the duty of applying this award to his child support obligation merely because of this election. The election to receive a lump sum settlement rather than periodic payments should not eliminate Husband's duty to pay child support on that amount.

Furthermore, it is the State's policy that parents support their children. If the parties had not divorced, the children would have shared, at least in part, in Husband's improved economic status. As recognized in Nash v. Mulle, 846 S.W.2d 803, 804-05 (Tenn. 1993), one purpose of the guidelines is to ensure that when parents live separately, the economic impact on the children is minimized to the extent that either parent enjoys a higher standard of living, the children share in that higher standard. Nash further held such purpose consistent with the long established common law rule requiring a parent to provide support in a manner commensurate with his means and station in life. Klemetsrud v. Klemetsrud, No. 02A01-9306-CV-00150, 1994 Tenn. App. LEXIS 565, at *4 (Tenn. Ct. App. October 12, 1994).

For all the above stated reasons, this Court holds that Husband's lump sum workers' compensation settlement is income for the purposes of determining Husband's child support obligation.

### III. Calculation of Child Support Obligation

Having determined that Husband's lump sum workers' compensation settlement is income for the purposes of determining Husband's child support obligation, we feel it helpful to set forth some guidelines by which this should be accomplished. It will be necessary for the trial court to examine the lump sum workers' compensation award and determine the equivalent periodic payments. The trial court will, in essence, have to convert the lump sum settlement back into periodic payments, taking into account the number of months the award is designed to encompass, and the present value/future value of money.[2]

After determining the correct monthly award, the appropriate child support percentage should be applied to this amount. The result will be the obligor's monthly support obligation. If the obligor has other monthly income, the child support obligation shall be based upon the obligor's total monthly income.

This process is necessary to arrive at the correct child support obligation. The trial court shall not merely apply the appropriate child support percentage to the entire lump sum. Such a procedure would result in the overpayment of child support in situations where the obligor's child support obligation will terminate in fewer years than the award is designed to compensate. Take for example an obligor with a twelve (12) year old child, who receives a lump sum workers compensation award designed to compensate him for the next fifteen (15) years. The obligor's child support obligation will legally terminate in six (6) years when the child reaches age eighteen (18). If the trial court were to apply the child support percentage to the entire lump sum, the child would be receiving a share of obligor's income for the entire fifteen (15) year award, rather than the six (6) years to which he is entitled.

This Court is mindful that Husband may diminish or deplete the lump sum settlement before his children reach the age of majority and before his child support obligation is fulfilled. We therefore note that, after determining the correct monthly child

---

[2]Tennessee Code Annotated §50-6-229(a) provides the method by which periodic payments are originally commuted to a lump sum award.

7

support obligation, the trial court may wish to calculate the total amount of support due (based upon the workers' compensation award) for the remainder of the children's minority and award a lump sum to the obligee if the court believes there is a potential for loss of the funds. Naturally, the obligor would remain obligated to pay monthly child support in the appropriate percentage based upon his other monthly income.

## IV. Modification of Agreement

Wife contends that the trial court erred in reducing the amount of child support owed by Husband, as it was a property settlement providing for the equitable division of Husband's workers' compensation claim.

Generally, a marital dissolution agreement between husband and wife dealing with legal duty of child support, or alimony over which the court has continuing statutory power to modify, loses its contractual nature when merged into a decree of divorce. Penland v. Penland, 521 S.W.2d 222 (Tenn. 1975). However, an agreement on matters outside the scope of the legal duty of child support during minority, or alimony in futuro over which the court also has continuing statutory power to modify, retains its contractual nature and is enforceable in the same manner as other contracts. Blackburn v. Blackburn, 526 S.W.2d 463, 465 (Tenn. 1975).

Wife asserts that the provision for Husband to pay the amount of $960.00 per month child support was made in contemplation of the divorce and with knowledge of a pending workers' compensation claim. Wife argues that this provision was made to equitably divide that benefit for the use of the two minor children. Wife therefore contends that the contractual agreement is beyond the scope of Husband's legal duty and is now a binding contract not subject to modification by the trial court.

The provision at issue, found in paragraph four (4) of the Marital Dissolution Agreement, states that Husband will pay the amount of $400.00 per month until his

8

workers' compensation claim is settled, at which time "Husband shall pay to Wife a lump sum equal to the difference in the amount of interim child support of $400.00 per month, and $960.00 per month, which is actual child support obligation." Additionally, the provision states that "Husband shall resume regularly [sic] monthly payments of child support in the above sum after conclusion of his workers compensation case. "

Wife seeks to term this agreement of the parties as one in which Husband's workers' compensation settlement was agreed to be divided. However, the agreement contains no such language of property division but rather speaks in terms of payment of child support. Furthermore, this provision which Wife claims to be division of the workers' compensation claim, is the only provision dealing with child support found in the marital dissolution agreement. The provision at issue here clearly deals with the child support obligation of Husband and is modifiable by the court.

For the above reasons, this Court finds that the provision at issue is a provision for child support and is modifiable by the trial court, consistent with our opinion above.

## V. Conclusion

The judgment of the trial court holding that Husband's lump sum workers' compensation award is not income for the purposes of determining Husband's child support obligation and reducing Husband's child support obligation from $960.00 to $565.00 per month is reversed and remanded for calculation of Husband's child support obligation consistent with this opinion. Costs of this appeal are taxed to Husband, for which execution may issue if necessary.

_____
HIGHERS, J.

CONCUR:

9

_____

CRAWFORD, P.J., W.S.


_____

FARMER, J.