## IN THE COURT OF APPEALS OF TENNESSEE
## AT JACKSON

| | | |
|---|---|---|
| ANNETTE WILLIS CLAY, | ) | |
| | ) | |
| Plaintiff/Appellant, | ) | Shelby Circuit No. 149721 R.D. |
| | ) | |
| VS. | ) | Appeal No. 02A01-9803-CV-00059 |
| | ) | |
| KERRY CLAY, | ) | |
| | ) | |
| Defendant/Appellee. | ) | |

**FILED**

**May 7, 1999**

**Cecil Crowson, Jr.**
**Appellate Court Clerk**

### APPEAL FROM THE CIRCUIT COURT OF SHELBY COUNTY
### AT MEMPHIS, TENNESSEE
### THE HONORABLE D'ARMY BAILEY, JUDGE

**KIM G. SIMS**
Memphis, Tennessee
Attorney for Appellant

**J. LOGAN SHARP**
**BATEMAN GIBSON & CHILDERS, LLC**
Memphis, Tennessee
Attorney for Appellee

**AFFIRMED IN PART, REVERSED IN PART**
**AND REMANDED**

**ALAN E. HIGHERS, J.**

**CONCUR:**

**W. FRANK CRAWFORD, P.J., W.S.**

**DAVID R. FARMER, J.**

Annette Clay ("Wife" or "Appellant") appeals the judgment of the trial court which

granted a divorce to Annette Clay and Kerry Clay ("Husband" or "Appellee"), awarded to Husband $17,270.00 of Wife's total retirement benefit, awarded to Wife $212.00 of Husband's $28,460.80 workers' compensation settlement, and failed to award any amount of Husband's workers' compensation settlement as child support for the parties' children.

## I. Factual and Procedural History

The parties were married on May 29, 1985. Two children were born to the parties. Wife was employed by the City of Memphis six years prior to her marriage and accumulated retirement during this time.

The Complaint for Divorce was filed on August 2, 1995. An Order of Reconciliation was entered March 1, 1996 and revoked on January 22, 1997. Husband was hurt on the job in July of 1996 during the period of reconciliation. Husband was unable to work and remained in the home until August of 1997.

The matter was tried to the bench on July 7, 1997. The Court heard testimony and disposed of the issues of child custody and support (awarding custody to Wife), division of marital real property, division of Wife's pension, and items of personal property. There was discussion of a pending claim by Husband for his on-the-job injury, Wife advancing a claim that such was a marital asset subject to equal division. A final decree was not entered at that time as the parties were still waiting on Wife's pension information and Husband's workers' compensation settlement.

On January 14, 1998, attorney for Husband and attorney for Wife appeared before the trial court to seek additional time to submit a Final Decree of Divorce and to seek guidance on issues upon which recollections differed. Wife's pension information was obtained and a final decree of divorce was entered *nunc pro tunc* on February 4, 1998. The final decree ordered Husband to advise counsel for Wife when his pending workers' compensation action was concluded.

On February 19, 1998, Wife filed "Motion to Alter Final Decree to Give Children 41% of OJI Final Settlement or in the Alternative Set Aside Final Decree." In this motion Wife alleged that the trial court, at the original divorce hearing, accepted the agreement giving children 41% of final OJI (On Job Injury) settlement and Wife 50% of all assets, but these items were not included in the Final Decree. Wife filed an affidavit stating the same. A hearing was held on February 27, 1998 and the trial court found that the motion was not well taken and denied the motion. Wife filed a Notice of Appeal on March 4, 1998.

Affidavits were later filed by attorney for Wife and attorney for Husband. The affidavits of the attorneys disagree with respect to the trial court's instruction with respect to any division of the possible award or settlement of Husband's pending workers' compensation claim. Wife's attorney stated that the Court announced at the January 14, 1998 appearance that each party would receive one-half of the other's pension, and that Wife would be entitled to 50% of Husband's workers' compensation benefits retroactive to July 1997.

Husband's attorney stated in his affidavit that the court decreed that Husband was entitled to a spousal one-half interest in Wife's pension to the extent it accumulated during the marriage. He stated that Wife advanced a claim to one-half interest in any workers' compensation settlement at the original trial, the January 14, 1998 appearance, and the hearing on the motion to alter final decree in February 19, 1998, but the claim was not allowed by the court. He further stated that he had urged the court that, if Wife was entitled to any portion of Husband's workers' compensation settlement, the entitlement would be limited to one-half of the portion of the settlement allocable to the few months between the cessation of temporary total benefits and the granting of divorce in July, 1997 (a period of five months). Husband's attorney unequivocally stated that the Court did not award Wife a 50% share of Husband's eventual award or settlement.

Wife filed a Rule 24(c) Statement of the Evidence on June 4, 1998. Husband filed a motion to strike the statement, which was granted by the trial court in an order dated

3

September 24, 1998. The trial court found that the statement failed to satisfy the requirements of the Rule and did not convey a "fair, accurate and complete account of what transpired with respect to the issues that are the basis of appeal."

The workers' compensation matter ultimately came before the trial court again in connection with certifying the record for appeal. (Husband was awarded a lump sum workers' compensation settlement in the amount of $28,672.80 on March 23, 1998). Upon reconsideration, the court recognized an interest by Wife in Husband's workers' compensation settlement to the extent that the income was attributable to the months while the parties were married and subsequent to the termination of Husband's temporary total benefits. An Order Modifying Final Decree was entered to this effect on September 24, 1998.

## II. Division of Pension

Two issues raised by Wife on appeal deal with the trial court's treatment of the parties' pensions. Wife alleges that her pension fund was split 50/50 and this was error because she accrued 6 years of pension before the marriage. Husband contends that the court ordered the parties to split only the portion of the pension acquired during the marriage and that was what was done. The final decree of divorce states in pertinent part:

> 10. That the Court finds that the value of the pension accumulated by Plaintiff/Counter-Defendant through her employment with the City of Memphis to be marital property subject to an equal division, and finds the value of that marital asset to be $34,540.25 before income taxes. The Court awards to Defendant/Counter-Plaintiff one-half of said asset, $17,270.12, less income taxes.

In his brief, Husband states that the City of Memphis provided a letter in which it detailed Wife's contributions to the pension fund during the marriage and set forth a multiplier of 2.5 due to her length of service. (Cash-out value for marital period = $34,540.25). Husband asserts that had the multiplier been applied to Wife's total contributions, her pension would have been valued at $45,429.30. Husband claims to have

4

received no portion of her pre-marriage contributions.

Wife also alleges that the trial court erred in failing to award her one half of Husband's retirement or pension. In his brief, Husband contends that he has no pension or retirement and that is the reason Wife was not awarded such.

The letter from the City of Memphis regarding Wife's pension is not included in the record before this court. There is no evidence in the record of any pension or retirement fund belonging to Husband. Furthermore, Appellant did not file a Transcript of the Proceedings within 90 days of appealing the judgment, as required by Rule 24(b) of the Tennessee Rules of Appellate Procedure. The Statement of the Evidence filed by Wife was stricken from the record by the trial court for nonconformity with Rule 24(c) and no other statement of the evidence has been filed by the parties. Without any evidence in the record regarding the calculation of Wife's pension, and without any evidence of the existence of Husband's pension, this Court does not have before it a fair, accurate and complete account of what transpired with respect to these issues.

It is well-established that in the absence of a transcript of the evidence, this Court must conclusively presume there was sufficient evidence to support the trial court's judgment and must, therefore, affirm. Reagor v. Dyer County, 651 S.W.2d 700, 701 (Tenn. 1983); Leek v. Powell, 884 S.W.2d 118 (Tenn. Ct. App. 1994); Coakley v. Daniels, 840 S.W.2d 367, 370 (Tenn. Ct. App. 1992). Accordingly, the trial court's judgment on the issues of the parties' pensions is affirmed.

### III. Property Division and Workers' Compensation Settlement

In an Order Modifying Final Decree, the trial court awarded to Wife a portion of Husband's workers' compensation settlement in an amount equal to $212.00. The trial court found Wife had an interest in the workers' compensation claim to the extent that the income is attributable to the months while the parties were married and subsequent to the

termination of Husband's temporary total payments.

In calculating this amount, the trial court found that any award or settlement on the workers' compensation action is to relate to diminished capacity from March, 1997, for the remainder of Husband's working career, which is expected to extend through April, 2025 (Husband to achieve age 65 in May 2025). Of the three hundred thirty-eight (338) months between termination of temporary total benefits and Husband achieving sixty-five (65) years of age, the parties were married for five (5) months. The court then held that Wife shall share equally with Husband in the compensation for those five (5) months. Wife was awarded a sum equal to one-half of the proportion of Husband's settlement as five (5) months bears to three hundred thirty-eight (338) months, being 0.7396449 percent.

Wife contends that the award of $212.00 of Husband's workers' compensation settlement was inequitable. Wife claims that her award of $212.00 was less than one week of Husband's compensation award which was evaluated at $358.00 per week. Husband asserts that he was receiving temporary payments for the majority of time the parties were still together and the family derived benefit from that. Husband urges that the $28,672.80 award can be construed only as compensation for loss of future earning capacity and Wife is not entitled to a share of his future earnings.

The order awarding workers' compensation benefits[1] found that Husband was entitled to an award of 20% impairment to the body as a whole, constituting eighty (80) weeks of compensation at $358.41 per week for a total award of $28,672.80. It was further found that Husband could wisely manage a lump sum award and that it was in Husband's best interest to receive a lump sum award.

The workers' compensation statutes set out specific schedules over which a workers' compensation award is to be paid. Injuries to certain limbs or areas of the body

---

[1]Although not included in the record on appeal, the "Order Awarding Workers' Compensation Benefits" was attached to the Brief of Appellant and labeled "Exhibit 1". No objection was raised by Appellees. We shall therefore treat the workers' compensation order as a matter of record by stipulation.

are paid out over a preset amount of weeks. Injuries not enumerated in the statute are apportioned to the body as a whole, which has a value of 400 weeks, and are paid out over the amount of time of 400 weeks multiplied by the impairment percentage. In the case at hand, 20% impairment, with a value of 400 weeks, results in compensation payments for a period of 80 weeks. Husband then had this amount converted to a lump sum payment.

Based upon these figures provided in Husband's workers' compensation order, the sum which Husband was entitled to receive during the marriage would be equal to the proportion of Husband's settlement as five (5) months bears to eighty (80) weeks, rather than the proportion as five (5) months bears to three hundred thirty-eight (338) months, as set out by the trial court. While the workers' compensation award does relate to Husband's diminished capacity for the remainder of his working career, pursuant to the workers' compensation order Husband was entitled to receive $358.41 per week for a period of 80 weeks.

We find that the trial court erred in calculating Husband's workers' compensation income for said period of time and methodically dividing said amount equally between the parties as marital property. The overall purpose of workers' compensation law is the replacement of lost wages. *See* Van Hooser v. Mueller, 741 S.W.2d 329, 330 (Tenn.1987). In keeping with this general principal, all workers' compensation income received by Husband should have been treated as income available for payment of alimony and child support (as will be discussed more fully later in this opinion).

As the trial court erred in its treatment of Husband's workers' compensation income, we reverse the award of $212.00 to Wife and remand this issue to the trial court for determination of Wife's entitlement to alimony considering Husband's workers' compensation award ($358.41/week) as additional income of Husband.[2]

---

[2]While Husband elected to receive a lump sum settlement, such lump sum settlement was based upon the original order of $358.41 per week, constituting eighty (80) weeks of compensation. Any award of alimony should take into consideration that this income imputed to Husband will terminate after eighty (80) months. The trial court may also consider any other relevant factors, including the reality that this award is designed to replace lost income of Husband for the remainder of his working career based upon Husband's twenty percent (20%) impairment to the body as a whole.

## IV. Child Support and Workers' Compensation Settlement

Wife's final contention is that the children should receive 32% of the workers' compensation settlement as child support. The trial court set child support at the sum of eighty-two ($82.00) dollars per month for each minor child. The trial court did not consider Husband's workers' compensation settlement as income for the purposes of setting such child support. Husband asserts that the trial court was correct and that Tenn. Code Ann. §50-6-223 exempts compensation claims from claims of creditors with two exceptions that do not apply in this case.

The Child Support Guidelines state in pertinent part:

> Gross income shall include all income from any source (before taxes and other deductions), whether earned or unearned, and includes but is not limited to, the following . . . workers' compensation benefits whether temporary or permanent . . .

Tennessee Department of Human Services Child Support Guidelines Chapter 1240-2-4-.03(3).

Tennessee Code Annotated §50-6-223[3] deals with the assignability of compensation claims.

> **§50-6-223 Exemption and nonassignability of compensation claims - Exceptions to nonassignability -** (a) No claim for compensation under this chapter shall be assignable, and all compensation and claims therefor shall be exempt from claims of creditors.
>     (b) Notwithstanding the provisions of subsection (a) to the contrary, the court may assign up to fifty percent (50%) of such compensation made by period payments to fulfill a valid present and prospective child support obligation; provided, that such assignment is administered in accordance with §50-2-105. However, no such assignment may be made for arrearage in child support.
>     (c) Notwithstanding the provisions of subsection (a) to the contrary, the court may assign up to twenty percent (20%) of a lump sum settlement to satisfy a judgment for arrearage in child support.

Subsection (a) states that workers' compensation is not assignable and is exempt from claims of creditors, while sections (b) and (c) spell out the exceptions to that general principle. The language of section (b) allows a court to assign up to 50% of workers'

---

[3]Tennessee Code Annotated §50-6-223 has been amended effective May 19, 1998. While much of the language is changed, the amendment does not appear to clarify the issue presented in this case.

compensation benefits made by periodic payments to fulfill a present and prospective child support obligation. Nowhere in the statute does it specifically state that a lump sum settlement can be similarly assigned. Some courts have thus refused to consider a lump sum workers' compensation settlement as income for the purpose of setting child support. However, such a reading of this statute would be contrary to the spirit of the statute and contrary to public policy.

The objects of the Workers' Compensation Act prohibiting assignment of compensation claims and exempting them from creditors claims, are to insure application of awards to necessities of injured employees or their dependents and prevent them from becoming public charges. Prime v. Dunaway, 50 S.W.2d 223 (Tenn 1932). Although the statute is worded in terms of periodic workers' compensation payments, it is illogical to conclude that the legislature intended lump sum awards to be exempt when used for the same purpose.

The provisions found in the guidelines and Tenn. Code Ann. §50-6-223 were addressed by the Tennessee Supreme Court in Gonsalves v. Roberts, 905 S.W.2d 931 (Tenn. 1995). In that case the trial court refused to consider the father's workers' compensation permanent disability benefits as income and the wife appealed. Ultimately, the Supreme Court reversed the lower courts and held that workers' compensation permanent disability benefits were income for the calculation of child support obligations. Id. at 932.

Although the Gonsalves case dealt with periodic workers' compensation payments rather than a lump sum settlement, the Supreme Court spoke on the purpose of the child support exceptions to the general rule of nonassignability. The Court found that the legislature enacted Chapter 224 of the Public Acts of 1991, adding subsection (b) and (c) to Tenn. Code Ann. §50-6-223, in recognition of the duty to support and the pervasive tendency in recent times by parents responsible for child support to avoid that responsibility.

The Illinois Appellate court addressed the issue of lump sum workers' compensation settlements and concluded that a person's lump sum workers' compensation settlement was income for the purposes of determining child support. The court reasoned that it would be illogical to treat the two methods of payment differently.

> To reach this unreasonable result, one must conclude that the legislature intended to require a parent who elects to receive a workers' compensation award in the form of periodic payments to include the award as income for the purposes of meeting his child support obligations, while, at the same time, permitting another parent, merely because he elects a lump sum workers' compensation award, to escape the duty of applying the award to his child support obligations. Statutes are to be construed in such a way that they have a reasonable meaning and are accorded an interpretation that will not lead to absurd consequences.

In re Marriage of Dodds, 583 N.E.2d 608 (Ill.App. 1991).

As stated above, the object of the Tennessee statute is to insure the workers' compensation award will be available for use by the injured party and his dependents. Subsections (b) and (c) of the statute excepting child support from the general rule of nonassignability were enacted in recognition of a parent's duty to support his or her children. These goals are the same whether the injured worker receives periodic payments or elects to receive a lump sum settlement.

Husband could have taken his settlement in periodic payments. Instead, Husband elected to transform his right to receive periodic payments into a lump sum present day cash value pursuant to Tenn. Code Ann. §50-9-229. Husband should not be allowed to escape the duty of applying this award to his child support obligation merely because of this election. The election to receive a lump sum settlement rather than periodic payments should not eliminate Husband's duty to pay child support on that amount.

Furthermore, it is the State's policy that parents support their children. If the parties had not divorced, the children would have shared, at least in part, in Husband's improved economic status. As recognized in Nash v. Mulle, 846 S.W.2d 803, 804-05 (Tenn. 1993), one purpose of the guidelines is to ensure that when parents live separately, the economic

impact on the children is minimized to the extent that either parent enjoys a higher standard of living, the children share in that higher standard. <u>Nash</u> further held such purpose consistent with the long established common law rule requiring a parent to provide support in a manner commensurate with his means and station in life. <u>Klemetsrud v. Klemetsrud</u>, No. 02A01-9306-CV-00150, 1994 Tenn. App. LEXIS 565, at *4 (Tenn. Ct. App. October 12, 1994).

For all the above stated reasons, this Court holds that Husband's lump sum workers' compensation settlement is income for the purposes of determining Husband's child support obligation.

### V. Calculation of Child Support Obligation

Husband argues that the award is compensation for reduced earning capacity for 338 months. The net received by Husband proved to be $22,938.24, the equivalent of $67.86 for each of those months. Husband argues child support on this amount would equal approximately $9.27 per month per child under the Child Support Guidelines.

It is true that the award is intended to compensate Husband for reduced earning capacity over the remainder of his working career. However, pursuant to the workers' compensation statutes, and as set out in the order awarding workers' compensation benefits, Husband was entitled to an award of 20% impairment to the body as a whole, constituting eighty (80) weeks of compensation at $358.41 per week.

Had Husband not chosen to commute the periodic payments to a lump sum award, a court would be free to assign up to 50% of such compensation made by period payments to fulfill a valid present and prospective child support obligation pursuant to Tenn. Code Ann. §50-6-223(b). While the periodic payments constituting eighty weeks of compensation are equally intended to compensate Husband for reduced earning capacity over the remainder of his working career, the legislature chose to make such periodic payments

11

subject to income assignment for child support. We see no reason to calculate the amount of support due differently when based upon periodic payments or a lump sum settlement.

In setting Husband's child support obligation, the trial court will, in essence, have to convert the lump sum settlement back into the equivalent periodic payments.[4] This can generally be done by looking to the original order awarding workers' compensation. After determining the correct monthly award, the appropriate child support percentage should be applied to this amount. The result will be the obligor's monthly support obligation. If the obligor has other monthly income, the child support obligation shall be based upon the obligor's total monthly income.

This process is necessary to arrive at the correct child support obligation. The trial court shall not merely apply the appropriate child support percentage to the entire lump sum. Such a procedure would result in the overpayment of child support in situations where the obligor's child support obligation is set to terminate before the periodic workers' compensation payments would terminate.

In the recent case of Hobbs v. Hobbs, No. 01A01-9808-CH-00418, 1999 WL 86973 (Tenn. App. Feb. 23, 1999) this Court dealt with this issue of whether a lump sum workers' compensation settlement is income for the purposes of child support. In dicta explaining why the child support percentage should not be applied directly to the lump sum amount this Court gave the following example:

> Take for example an obligor with a twelve (12) year old child, who receives a lump sum workers compensation award designed to compensate him for the next fifteen (15) years. The obligor's child support obligation will legally terminate in six (6) years when the child reaches age eighteen (18). If the trial court were to apply the child support percentage to the entire lump sum, the child would be receiving a share of obligor's income for the entire fifteen (15) year award, rather than the six (6) years to which he is entitled.

---

[4]This approach may not work in the area of settlements of disputed workers' compensation claims. Tennessee Code Annotated §50-6-206 gives interested parties the right to settle all matters of compensation between themselves. In these cases it may be difficult, or impossible, for the trial court to ascertain the equivalent periodic payments. As such a matter is not before this Court, we leave that issue for another time.

Id. at *4.

This Court wishes to clarify that the language found in that example "designed to compensate him for the next fifteen (15) years" envisioned an award which, when broken down into the original periodic payments, would extend over a period of fifteen (15) years. Said fifteen (15) year period does not represent the period of time between injury and age sixty-five (65). It should also be noted that this particular example, while sound in principle, could only occur in the case of permanent total injury. All other workers' compensation payments are made during a prescribed period of time not to exceed four hundred (400) weeks, or approximately 7.7 years.

This Court is mindful that Husband may diminish or deplete the lump sum settlement before his children reach the age of majority and before his child support obligation is fulfilled. We therefore note that, after determining the correct monthly child support obligation, the trial court may wish to calculate the total amount of support due (based upon the workers' compensation award) for the remainder of the children's minority and award a lump sum to the obligee if the court believes there is a potential for loss of the funds. Naturally, the obligor would remain obligated to pay monthly child support in the appropriate percentage based upon his other monthly income.

## VI. Conclusion

The judgment of the trial court with regard to the division of the parties' pensions is hereby affirmed. The judgment of the trial court regarding the division of Husband's workers' compensation award and regarding Husband's child support obligation is reversed and remanded for further proceedings consistent with this opinion. Costs of this appeal are taxed equally against Husband and Wife, each liable for one-half, for which execution may issue if necessary.

_____
HIGHERS, J.

CONCUR:

_____
CRAWFORD, P.J., W.S.

FARMER, J.