IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
August 30, 2010 Session

## KIMBERLY SMITH, v. THOMAS SMITH

**Appeal from the Circuit Court for Cocke County**

No. 26,355      **Hon. Telford E. Forgety, Jr., Chancellor, Sitting by Interchange**

**No. E2009-01593-COA-R3-CV - FILED SEPTEMBER 22, 2010**

A few years after the parties divorced, the mother filed a Petition for Full Custody of the children and child support.  Following long delays, the Trial Court gave the mother custody of the remaining minor child and ordered child support for the child from the father from the date of the hearing forward.  The mother appealed, insisting that retroactive child support should be granted to the date of filing the petition.  We hold the child support should be granted from the date of the filing of the Petition and remand for a determination of that back child support.

**Tenn.  R. App. P.3 Appeal as of Right; Judgment of the Circuit Court Affirmed in Part and Reversed in Part.**

HERSCHEL PICKENS FRANKS, P.J., delivered the opinion of the Court, in which  CHARLES D. SUSANO, JR., J., and.  D. MICHAEL SWINEY, J., joined.

Rebecca D. Slone, Dandridge, Tennessee, for the appellant, Kimberly Smith.

Douglas R. Beier, Morristown, Tennessee, for the appellee, Thomas Smith.

**OPINION**

The parties to this action were divorced on April 17, 2000.  On May 27, 2005, plaintiff, Kimberly Smith, filed a Petition to Modify.  The Petition averred that the parties under the divorce decree had joint custody of their two children, with the children alternating

weeks with each parent. The Petition averred a substantial change of circumstances such that the father's home is no longer conducive to the best interests of the children, and that they want to live solely with the mother. The Petitioner asked to be named primary custodian and that the father be required to pay child support. In response, the father averred the mother had deliberately interfered with the father's relationship with the children, and the Petition should be dismissed.

On October 12, 2005, the mother filed a Motion to Enforce Mediation, stating the parties had attended mediation and reached an agreement. The father stated there was no meeting of the minds, and that the agreement attached to the mother's Petition was not accurate. The father's attorney sought to withdraw as counsel for the father, stating that he and his client could not communicate appropriately, and his request was granted. Approximately one month later, the Trial Judge recused himself and the record shows no activity in the case until two years later, when a Final Report of Mediator was filed, stating that the parties had mediated but had not reached a settlement. A few months later, another report was filed, and approximately a year later, the case finally came on to be heard. When asked why the case took so long to get to court, the attorneys explained that they had attempted mediation, and the wife's attorney explained that she had contacted the clerk about setting the case, and was told that it would be done at a docket sounding, but it was not. The Trial Judge explained that, because of the recusal, the computer would not bring the case up for docketing, because it was actually a Circuit Court case.

The parties and witnesses testified at trial, including the two children, the elder having turned 18 shortly before the hearing, and was getting ready to graduate from high school.

At the conclusion of the evidentiary hearing, the Trial Court ruled that the mother should be the primary residential parent for the younger child, age 16, and that the father should have standard visitation. The Court held that the father should pay child support, but refused to order it be retroactive to the date of the petition, and set the child support to be paid prospectively.

The mother appealed and raised this issue:

Whether the Trial Court erred in failing to award retroactive child support?

The mother argues that it was error for the Trial Court not to award retroactive child support to the date of her petition. The father counters the Trial Court acted within its discretion as this was a modification of a prior support order, and thus the Trial Court could order the modification effective as of the date of the modification petition, the date of the hearing, or any date in between. *Gonsalves v. Roberts*, 905 S.W.2d 931 (Tenn. 1995).

The parties' divorce decree provided the parties would have joint custody of the children, and that "neither shall have a child support obligation to the other." Thus, this provision cannot be characterized as a case involving modification of a prior child support order, as there was no prior child support ordered. Accordingly, we treat this as an initial setting of child support. *See Bjork v. Bjork*, 1997 WL 653917 (Tenn. Ct. App. Oct. 22, 1997).

In the *Bjork* case, the parties were divorced in 1991 and the final decree stated that they would have joint custody of their three children, and no child support was ordered. *Id.* The father later petitioned for custody of the children and also filed for child support. There was some delay in having the hearing on the father's petitions due to the fact the mother's attorney withdrew. The Court eventually heard the case (with hearing dates spanning about three months) and later entered an order awarding custody and child support to the father. The Court also awarded father retroactive child support to the date of the hearing. *Id.*

On appeal, this Court held the father should have been given child support retroactive to the date he filed his motion seeking child support. *Id.* This Court explained:

> Both parents have an equal and joint obligation to support their minor children. This obligation exists even if an order awarding child support has not yet been entered. Accordingly, we modify the trial court's judgment to provide that the Mother's child support obligation shall be effective as of October 5, 1995. In making this modification, we distinguish this case from cases involving the modification of a parent's child support obligation, wherein the trial court has the discretion to order the modification effective as of the date of the modification petition, the date of the final hearing, or any appropriate date in between. In modification proceedings, the non-custodial parent is required by a previous court order to make at least some payment toward his or her support obligation during the pendency of the proceedings.

*Id.* (citations omitted).

Thus, because there was no prior support order and no support was flowing for the children due to the joint custody arrangement, the Court distinguished the case from a modification case, holding that it would be in the nature of an initial setting of child support.

The holding in *Bjork* is also in accord with the provisions in the Child Support Guidelines regarding retroactive support. The Guidelines state that if the Court is making an initial setting of child support, the judgment must include support from a particular date, which in this case would be the date the mother took primary physical custody of the

children, i.e., the date of the filing of her petition. *See* Tenn. Comp. R. & Reg. 1240-2-4-.06. It is not disputed the mother had actual custody of these children from at least the date of the filing of her petition, and that no support had been paid to her by the father during that time.

Under the facts of this case, the Trial Court should have treated this as an initial setting of child support and awarded retroactive support back to the date of the mother's petition. *Bjork*.

The Trial Court, in its ruling, observed it would be unfair to award retroactive support in this case to the date of the mother's petition, because the parties had not forced the children to stay with the father. However, the parties were before the Court and the father could have insisted on the arrangement to continue during the long pendency of this action. Moreover, during this time the mother had sole responsibility for their well-being and provided for the children, and their visitation by their choice with the father had been minimal, but he paid no child support during that time. The father has significantly more income than the mother, and as this Court recognized in *Bjork,* both parents had the obligation to support their children, whether there was an order of support or not. The father did not fulfill his obligation of supporting his children during this interim, and we conclude the facts of this case did not establish discretion on the Trial Court to not follow the rationale of *Bjork* and the child support Guidelines.

We vacate the decision of the Trial Court not to award retroactive child support and remand for the purpose of setting retroactive child support.

The cost of the appeal is assessed to Thomas Smith.

_____
HERSCHEL PICKENS FRANKS, P.J.